48   393
48   398
48   401
48   393
50   453

48   393
d82   703

---

THE CAPITOL INSURANCE COMPANY v. THE BANK OF BLUE MOUND.

FIRE INSURANCE COMPANY—*Policies — Copies of By-Laws Attached.* Paragraph 3437 of the General Statutes of 1889 requires that all policies issued by mutual fire insurance companies organized under the laws of this state shall have attached thereto printed copies of the by-laws of the company, which must be signed by the president and secretary of the company, as well as the assured. The signatures of the president and secretary attached to the policy only are not sufficient, notwithstanding the fact that the by-laws are printed on the same sheet of paper. Where the by-laws are not signed in accordance with the statute, by the president and secretary of the company and the assured, they do not become a part of the policy.

*Error from Linn District Court.*

ACTION upon two fire insurance policies. Judgment for the plaintiff *Bank*, on June 7, 1889. The defendant *Company* comes to this court. The facts are stated in the opinion.

*D. R. Hite,* for plaintiff in error.

*James D. Snoddy,* for defendant in error.

Opinion by GREEN, C.: This was an action upon two insurance policies issued by the Capitol Insurance Company, a mutual fire insurance corporation organized under the laws of this state, and assigned to the Bank of Blue Mound. The first policy was made to Mills & Allen, for $1,000, upon a stock of drugs, and covered a period of one year from the 27th

day of November, 1887. The application for insurance stated that the property was not mortgaged. The second policy was issued on the 7th day of January, 1888, to W. B. Clark, for the sum of $350, and was upon his building in Blue Mound. In the application of Clark for insurance, it was stated that there was an incumbrance on the property for $500. On the 7th day of June, 1888, Mills & Allen mortgaged the property covered by the first policy for $500; and on the 23d day of February, 1888, Clark placed a mortgage upon his building and the land described in his policy for $480.50; and on the 21st day of April, 1888, he gave another mortgage for $2,234 upon the same property.

On the 2d day of November, 1888, the property described in both policies was wholly destroyed by fire. At the time of the fire all of the mortgages mentioned were existing liens upon the property described in the respective policies. Printed upon the first page of the policies issued were the by-laws of the insurance company, one of which provided :

"Each and every policy issued by this company shall be absolutely null and void in any and every of the cases following, to wit: . . . *Third*, When there shall be any change in the title, ownership or possession of any buildings insured, or land upon which such building is situated, or premises containing any subject insured, or said subject or any item thereof shall become incumbered by any lien, judgment, attachment, or otherwise, or when the interest of the assured in said subject or any item thereof shall be or become other or different from that stated in the application for insurance."

On the face of the policies the following reference is made to the by-laws and the applications of the insured :

"And it is hereby mutually understood and agreed by and between this company and the assured, that this policy is made and accepted in reference to the by-laws of this company, a copy of which is given on the first page of this contract; to the application of the assured, a copy of which is given on the second page of this contract; and the conditions herein expressed and referred to, all of which are hereby declared to be a part of this contract, and are to be used and resorted to in order to

determine the rights and obligations of the parties hereto, in all cases not otherwise specially provided for in writing."

The Bank of Blue Mound brought a separate suit upon each one of the policies, and they were consolidated and tried together before a jury, and resulted in a verdict and judgment against the insurance company for the amount of the respective policies.

It is claimed by the plaintiff in error that the reference upon the face of the insurance policy to the by-laws was in effect a compliance with the statute, which reads:

"Every policy shall have attached thereto a printed copy of the note and application, also a printed copy of the by-laws and regulations of the company, which shall be signed by the president and secretary of the company and the insured, and shall become a part of the contract between the insurer and the insured." (Gen. Stat., ¶ 3437.)

It is contended by the plaintiff in error that when the insured mortgaged their property the policies became void, under the provisions of the by-laws. It is contended, on the other hand, by the defendant in error that the policies were issued by a mutual fire insurance company organized under chapter 132 of the Laws of 1885; that the company issued policies of insurance and took cash premiums instead of notes; that the by-laws were not signed by the president and secretary, nor by the insured; that the failure of the company to have the by-laws properly signed was a waiver of the right to have them considered as a part of the contract. Hence it is claimed that the two policies were issued without any stipulations as to liens or incumbrances.

The manifest purpose and object of the legislature in requiring every policy issued by a mutual fire insurance company organized under the laws of this state to have a copy of the by-laws and regulations, signed by the president and secretary as well as the assured, attached to it, was to have the attention of the assured called to all of the terms and conditions of the contract. It has been the practice among insurance companies to issue policies coupled with so many

conditions and stipulations, that unless a policy-holder makes it a business to read and scrutinize his policy carefully he will very often find himself without protection against fire, for which he has paid his premium.   It was doubtless the object of the legislature to remedy this existing evil, as it would naturally be presumed that a person would not ordinarily attach his signature to an instrument without first having read it. We think it would be far better if the legislature would go a step further, and adopt a form of policy which would make it obligatory upon all insurance companies doing business in the state to state all of the conditions of the policy in the body of the contract, and prohibit the making of exhibits, such as by-laws and applications, a part of the policy, unless incorporated in full on the face of the policy itself.   The statute required that the by-laws should be signed by the officers of the company and the insured.   This was not done.   The contention of the plaintiff in error that the signatures of the president and secretary were attached to the policy, because the by-laws were printed on the same sheet, and that they had thereby signed the by-laws, is not good.   The adoption of such a rule of construction would render the law nugatory. Besides, it does not appear from the policy before us that the by-laws were signed by the insured; hence they did not become a part of the policy.   It appears from the policy itself that it was issued under chapter 132 of the Laws of 1885.

It follows from the views expressed concerning the law of this case that the judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.