THE CAPITOL INSURANCE COMPANY v. W. E. WALLACE.

1. INSURANCE—*Stipulation to Arbitrate—Right of Action.* Where a stip-
ulation is contained in an insurance policy, that "in case differences
shall arise as to the amount of any loss or damage, . . . the
matter shall at the written request of either party be submitted to
two impartial appraisers," etc., and it does not appear that any dif-
ferences of opinion ever arose with regard to the amount of the loss
or damage, and neither party ever presented to the other party any
written request or any request asking or suggesting that appraisers
or arbitrators or referees should be selected or appointed, *held*, that
it was not necessary in such a case, under such stipulation, that there
should be any appraisement or arbitration or reference before the
assured would have the right to commence an action against the in-
surance company for the recovery of his loss.

2. NOTICE—*Proof of Loss.* The insurance policy also contained a stipu-
lation that "persons sustaining loss or damage by fire shall forthwith
give notice in writing of said loss to this company." The formal
notice was not given until 12 days had elapsed after the fire had oc-
curred. *Held*, Under the facts of this case, that the assured did not
forfeit his rights under the policy because of the delay in giving the
notice.

3. FINDING—*Waiver of Objections.* A retention by an insurance com-
pany of proofs of loss for 48 days without objection warrants a find-
ing that all objections were waived.

*Motion for Rehearing.*

THE facts are stated in *Insurance Co. v. Wallace*, 48 Kas.
400, *et seq.*, and in the opinion herein, filed January 7, 1893.

*D. R. Hite*, for plaintiff in error.
*S. H. Allen*, for defendant in error.

*Per Curiam:* This case and two other cases of the same in-
surance company were decided by this court on April 9, 1892.
(*Insurance Co. v. Wallace*, 48 Kas. 400; same case, 29 Pac.
Rep. 755; *Insurance Co. v. Bank of Blue Mound*, 48 Kas.
393; same case, 29 Pac. Rep. 576; *Insurance Co. v. Bank of
Pleasanton*, 48 Kas. 397; same case, 29 Pac. Rep. 578.) In
due time, the plaintiff in error filed a motion for a rehearing

in each case. It is really not necessary that anything further should be said by this court in this case than has already been said in the original opinion filed in the case. See, also, the opinion just delivered by this court on a motion for a rehearing in the case of this same insurance company against the Bank of Pleasanton. The value of the property insured and destroyed by fire was much more than the amount agreed to be paid in the insurance policy, and much more than the amount for which the judgment was rendered in this case; and the property belonged wholly to Wallace, the insurer, who was the plaintiff below and is the defendant in error; and it was totally destroyed by the fire without the slightest possible blame imputable to the insured; and it would now be an outrage upon him if he should be defeated in his claim for the loss. The only evidence introduced on the trial in the court below was introduced by him, and it proved his claim and his right to recover, almost, if not absolutely, beyond all possible doubt. The only objections to his right to recover, that might even be supposed to be plausible, are his supposed failure to give notice of the loss "forthwith," and possibly some supposed defects in the proofs of loss. There was no conflict in the evidence introduced on this subject, or introduced in this case, the evidence being, as stated before, all introduced by the plaintiff below, Wallace, who was the insured; and it can make no possible difference in this case whether the by-laws of the insurance company be considered as a part of the insurance policy or not. The petition of the plaintiff in the court below alleged, among other things, that "the said plaintiff further says, that he duly kept, observed and performed all the multifarious requirements and conditions contained in said policy and in the by-laws," etc.; and the evidence fairly proved this allegation, and that the plaintiff had so "performed all the multifarious requirements and conditions contained in said policy and in the by-laws" as to entitle him to recover in the action. No demurrer was interposed to the plaintiff's petition; and no specific objection was made or question raised in any manner in the court below, that what-

ever the plaintiff did in attempting to comply with all the terms and conditions of the policy and the by-laws was not done and performed at least 60 days prior to the commencement of his action. The evidence showed that he did perform all these things more than 60 days before commencing his action. . The fire occurred on November 2, 1888. Notice was immediately given to the local agent, and was sent to the general agent on November 13, 1888; proofs of loss were made out before the local agent on November 29, 1888, and on the same day sent to the general agent; and all proofs of loss and all other requirements of the company were completed by the insured and sent to the general agent at least as early as December 19, 1888; and this action was not commenced until February 19, 1889. But before its commencement, and on February 6, 1889, the company denied all liability to the insured, and for reasons never before urged.

The motion for a rehearing will be overruled.