# JULY TERM, 1898.

PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN,

The Standard Life and Accident Insurance Company v. Eve Davis.

### No. 10579.

1. Insurance Policy—*clause in, construed as to when cause of action accrued.* An insurance policy contained a provision that "legal proceedings for recovery hereunder shall not be brought until after three months from the date of filing proof at the company's home office, or brought at all unless begun within six months from the time when the right of action shall accrue." In an action upon the policy, *held,* that the right to bring an action did not accrue until three months after the time of filing proofs, and that the period of limitation prescribed did not begin to run until the right to bring an action had accrued.

2. Appellate Procedure—*improper answer to proper question, not assignable as error; must be ruling on motion to strike out.* Error cannot be successfully assigned on an objectionable answer to a proper question unless a motion is made to strike out the answer, or the attention of the court is otherwise brought to the fact that the answer is not responsive to the question.

3. Insurance Agent—*untruly filling out application, though truth told him by insured, company estopped to assert falsity of representations.* Where the agent of an insurance company who fills out an application for insurance is duly informed by the insured as to the facts and fails to state them in the application or to state them correctly as given, the company will ordinarily be held to have waived them, and will be estopped to insist that the representations of the insured were untrue, or that there has been a breach of the warranty.

4. Notice of Loss—*held waived in particular case.* A condition requiring the giving of notice to the insurance company within a specific time will be deemed to be waived where notice of the in-

jury or death is subsequently given together with proofs of loss, and the company retains the same without objection, and subsequently calls for and receives additional information and proof respecting the injury and death of the insured.

5. APPELLATE PROCEDURE—*general exception to entire charge unobjectionable in part, not available.* A general exception to a charge of the court containing a great many distinct instructions, some of which are unobjectionable, is not available as error.

Error from Bourbon District Court. J. S. West, Judge. Opinion filed July 8, 1898. *Affirmed.*

*E. M. Hulett*, for plaintiff in error.

*J. D. McCleverty*, for defendant in error.

JOHNSTON, J. This was an action by Eve Davis against the Standard Life and Accident Insurance Company to recover five thousand dollars upon an accident policy issued to Jonathan M. Davis, her husband, and payable to her in the event of his death.

The petition alleged that Jonathan M. Davis was accidently injured by the kick of a mule on January 21, 1893, and that afterward, about February 27, 1893, he accidently fell from a buggy; and that by reason of these injuries, and independent of other causes, his death resulted on March 15, 1893. It was also averred that proof of the injury and death, required under the terms of the policy, a copy of which was attached to the petition, had been duly and timely furnished, but that the defendant refused payment, although · more than three months had elapsed since the receipt of the proofs of death.

In the answer of the Insurance Company it was alleged that the application for insurance made by Jonathan M. Davis represented and warranted that he had no other accident insurance, whereas in fact he had a policy in the Travelers' Insurance Company for the sum of five thousand dollars; and that by rea-

son of the false statements and warranty the policy sued on was absolutely void. It was further averred that his death was not accidental, but was produced by causes not enumerated in the policy. Another defense was that notice was not given to the Company at the time and in the manner required by the policy. A still further defense was that the action had not been brought within the time limited by the policy; namely, within six months from the time when the right of action accrued. In reply to the answer Eve Davis alleged that the Insurance Company had full knowledge of the fact that the insured had prior insurance in another company, and that it waived that provision of the policy; that, with this knowledge, the Company accepted the premium and issued the policy, and had demanded and received proofs under it; and that by its conduct it was estopped to deny its liability under the policy.

The Insurance Company moved for judgment on the pleadings, but the motion was overruled, after which the cause was tried to a jury, and, upon the testimony, a verdict was returned in favor of the plaintiff below for $5,625, upon which a judgment was rendered.

The first objection is based on the overruling of the motion for judgment on the pleadings. The application for insurance, which contained representations that Davis had no other insurance, was made a part of the contract attached to the answer of the Insurance Company. There was no denial of the fact that Davis held a policy in the Travelers' Insurance Company when the contract in the present case was made, and hence the Insurance Company asked for judgment on the pleadings. We think the motion was correctly refused. That provision of the contract is one which the Company can waive, and its conduct

may be such that it will be estopped to set up a breach of the warranty or the untruth of the representations. The reply of the plaintiff below pleaded a waiver by the Company, and also an estoppel; and, as an issue of fact was thereby joined for trial, the motion for judgment on the pleadings was necessarily denied. Did the pleadings show that the action was barred by the contract limitations? The time within which an action like this may be brought may be fixed by the contract itself, and when so fixed that limitation will supersede the ordinary limitation prescribed by the statute.

1. Clause in insurance policy construed, how.

Tho policy contained the following condition:

"Affirmative proofs of death or loss of limb or sight or duration of disability must also be furnished to said company within two months from the time of death or loss of limb or sight or of the termination of disability;. else all claims based thereon shall be forfeited. Legal proceedings for recovery hereunder shall not be brought until after three months from the date of filing proofs at this Company's home office, nor brought at all unless begun within six months from the time when the right of action shall accrue."

This action was not commenced until six months and fourteen days after the death of Davis had occurred. The contention is that the right of action accrued at the time of the death, and was therefore not brought within the time limited in the policy. When the action accrued must be determined from the provisions of the policy. As will be seen, two limitations are provided: One, that an action on the policy cannot be brought until three months after the time of filing proofs, and another that it must be brought, if at all, within six months after the right of action accrues. The intention of the parties to this contract is not hard to understand. · Evidently it was intended that a remedy upon the policy should be

suspended for three months after the proofs were filed in the Company's office, and that the period of limitations would not begin to run until the time when the right to enforce the remedy had arrived. The right of action certainly did not accrue when the death occurred, for the right to bring the action did not then exist. A liability, even, did not exist at the time of the death, nor until it was ascertained and determined in accordance with the provisions of the policy. A remedy is not available when the proofs are made, but under the contract there is three months' time given to the Company to satisfactorily ascertain what its liability under the policy is. It was certainly not intended that the limitation against the insured should begin to run before the right to bring the action existed. The contracting parties can hardly have intended to suspend the remedy and provide for the running of the period of limitation at the same time. We therefore conclude that the action of the plaintiff below was not barred when brought, and that the court committed no error in overruling the motion for judgment on the pleadings.

Complaint is made of the ruling of the court upon objection to a hypothetical question, submitted to an expert witness who had examined the brain of Davis some time after his death. The hypothetical case put embodied several matters and facts, recited in detail and upon which there was testimony, and ended with the inquiry as to what the witness would say was the cause of the condition in which the brain of Davis was found. His answer was that the cause of Davis' death commenced at the time of certain injuries, which, he said, were quite sufficient to produce death. The complaint is that the question and its answer invaded the province of the jury, and in fact disposed of the principal issue

2. Improper answer to proper question not assignable as error.

submitted to the jury for decision. The only objection made was to the form of the question, in which we find no substantial defects. The answer, it is true, is not responsive to the question, for instead of giving the condition of the brain, the witness went further, and stated the cause of the death. No objection was made to the answer, and the attention of the court was not called to its objectionable character. "Where the answer of the witness is not responsive to the question put to him, an objection to the question is not available on error. There must be a motion to strike out the answer." *Mo. Pac. Rly. Co. v. Schumaker*, 46 Kan. 769, 27 Pac. 726.

Error is assigned on the refusal of certain instructions that were requested in behalf of the Company; one of which was to the effect that the representations made in the application constituted a warranty, and that if there were misrepresentations in respect to other insurance the plaintiff below could not recover. As already stated, she had pleaded waiver and estoppel. There was proof to the effect that the agent of the Company who filled out the application for the policy was informed by Davis that he already held an accident policy in the Travelers' Insurance Company, but for some reason that fact was omitted from the application. It is well settled that, where the agent of an insurance company who fills out an application for insurance is duly informed as to facts and fails to state them in the application, the actual knowledge of the agent will be held to be the knowledge of the company, and that having failed to fill out all the answers in the application, or to state them correctly as given, the company will be held to have waived them, and will be estopped to insist that the representations are untrue or that there has been

3. Insurance company estopped from denying acts of agent, when.

a breach of the warranty. *Insurance Co. v. Gray*, 43 Kan. 497, 23 Pac. 637 ; *Sullivan v. Phoenix Ins. Co.*, 34 id. 170, 8 Pac. 112 ; *Insurance Co. v. Barnes*, 41 id. 161, 21 Pac. 165 ; *Insurance Co. v. Weeks*, 45 id. 751, 26 Pac. 410 ; *Insurance Co. v. Banks*, 50 id. 449, 31 Pac. 1069 ; *Insurance Co. v. Wilkinson*, 13 Wall. 222 ; *Insurance Co. v. Mahone*, 21 Wall. 152.

In respect to the claim that proper notice was not given at the home office, it is sufficient to say that proofs of loss were forwarded to the Insurance Com-

4. Notice of loss held waived.

pany in April, 1893, which were received and retained by the Company without objection. Instead of returning the proofs because not furnished in accordance with the terms of the policy, they retained them, and demanded additional proofs. The insured was therefore put to the expense and trouble of furnishing the additional proofs, and having done so at the instance of the Company, the defense with respect to notice must be deemed to have been waived. *Insurance Co. v. Wallace*, 50 Kan. 453 ; *McNally v. Insurance Co.*, 137 N. Y. 389 ; *Trippe v. Provident Fund Society*, 140 N. Y. 23, 35 N. E. 316 ; *Insurance Co. v. Norton*, 6 Otto, 234 ; Bacon on Benefit and Life Insurance Companies, § 435.

Complaint is made of several of the instructions that were given by the court, but the objections to them are not available as error. The only exception to the charge is in the following language : " The de-

5. General exception to instructions unavailable, when.

fendant duly excepted at the time to the giving of the above and foregoing instructions as not being the law in the case and contrary to the law ; which exception was by the court overruled and said defendant duly excepted to the ruling of the court and excepts." A general exception of this character to an entire charge will not avail, unless the whole charge is erroneous,

or unless the charge in its general scope or meaning is erroneous. The charge in this case contains eighteen distinct instructions. To many of these there is no objection, and several of them are expressly given for the benefit of the Company. It cannot be said that the charge in its general scope or meaning is erroneous, and therefore the Company's exception is not good. *Sumner v. Blair*, 9 Kan. 521; *Ferguson v. Graves*, 12 id. 39; *Wheeler v. Joy*, 15 id. 389. Notwithstanding the insufficiency of the exception, the court has gone over the instructions in detail, and from an examination of the same is satisfied that no substantial error was committed in charging the jury, and that if specific and legal exceptions had been taken no ground for reversal would have been found.

The judgment of the District Court will be affirmed.