## THE SPRING GARDEN INSURANCE CO. *vs.* MARY L. WHAYLAND.

*Fire Insurance—Evidence—Waiver of Preliminary Proof of Loss.*

Appeal from the Circuit Court for Wicomico County.

This action was instituted in the Circuit Court for Wicomico County to recover on a policy of insurance issued by the ap- pellant company the amount of a loss sustained by the appellee by a fire which damaged and destroyed some of the personal property described in the policy. There are three bills of exception in the record. Two relate to the admissibility of evidence and the third to the rulings of the Court on the sev- eral prayers for instructions to the jury.

The policy was written on the fifth day of August, 1904, for one year. It appears that on the night of the 27th day of August, 1904, as stated in the record at one place, or Septem- ber 27th, as stated at other places in the record, a fire occurred and destroyed some and damaged some of the household fur- niture covered by the policy. On the following day the agents of the insurance company were informed of the fire and one of them went to the scene and examined the damaged articles. He instructed the assured to make out a detailed list of the articles which had been destroyed and of those

which had been·damaged as well as a separate list of those which had not·been injured. This direction was complied with at once and the husband of the assured delivered to the in-surer's agents an`itemized list of the damaged and destroyed articles and a separate list of the uninjured furniture. The last-named list was returned by the agents to the assured and the other was sent by them to the home office of the company. Some question was raised by the agents of the company as to the origin of the fire; but no objection was made to the form of the proof of loss as evidenced by the list of damaged and destroyed articles. Nothing further seems to have been done for some little while. The assured then employed an attorney to press the matter. On October 24th the agents wrote to the attorney informing him that the company required a strict compliance with the conditions of the policy, but that letter the attorney testified had never been received by him. ·Suit was finally instituted and the trial resulted in a verdict for the plaintiff. From the judgment entered thereon this appeal was taken by the insurance company.

The questions before us are, was the trial Court right in admitting in evidence a duplicate of the list of damaged and destroyed articles ; and secondly, was there sufficient evidence to go to the jury of a waiver by the company of the provision of the policy which required a preliminary proof of loss to be furnished within sixty days after the fire ?

The list of damaged and destroyed articles was made out by one Turner in the presence of the plaintiff and her daughter. Though the plaintiff requested the agents to return it to her they declined to do so as it was in the possession of the com-pany. The duplicate was then offered in evidence and ˙was admitted to show what articles had been damaged and de-stroyed and the testimony of Turner tended to show the value of those articles. To entitle the plaintiff to recover it was necessary not only to prove a loss by fire, but it was also necessary to prove what articles were destroyed or damaged and their value. The duplicate list and the testimony objected to in the first and second bills of exception were admissible to prove those facts of the plaintiff's case.

The remaining question relates to the legal sufficiency of the evidence tending to prove the alleged waiver of the preliminary proof of loss. The policy contains the usual provisions requiring the assured to give to the company notice that a fire had occurred and to furnish under oath within sixty days after the fire a proof of loss which shall set forth, among other things, the cash value of each article damaged or destroyed and the amount of loss thereon, and the knowledge and belief of the insured as to the time and origin of the fire. These preliminary proofs of loss are required for the benefit of the insurer and for his or its benefit exclusively in order that the nature, extent and character of the loss may be ascertained. Since this is the case there is no reason why the insurer may not waive a compliance with the provision thus inserted for his or its sole benefit. Indeed, the adjudged cases are numerous in which the proposition just stated has been announced and applied. It is not necessary that an express agreement to waive the preliminary proof should be shown. Such a waiver may be inferred from the acts and conduct of the company if those acts and that conduct are inconsistent with an intention to insist upon a strict performance of the condition. Good faith demands of an insurance company frank and open dealing with its policy holder, and if there be any withholding or failure to disclose an objection to preliminary proofs beyond a reasonable time after they are furnished, or if a refusal to recognize the obligation to pay a loss be placed on other and distinct grounds than an alleged insufficiency of, or defects in, the preliminary proofs, the company will be regarded as having waived all objections that could have been taken to such preliminary proofs. These principles have been so repeatedly and enforced that they must be regarded as definitely declared settled in this State and we need not pause to quote from decided cases in support of them. The acts and conduct of the appellant company were wholly inconsistent with the theory that its refusal to pay the loss was based upon insufficient preliminary proof. At no time was there communicated to the assured or her attorney an intimation that the proof of loss was unsatisfactory or defective. It is true that on October the

twenty-fourth in a letter which has been alluded to, a demand for a strict compliance with the terms of the policy was made; but that letter never reached the person to whom it was addressed and therefore conveyed no information of the company's request. It cannot, therefore, be regarded as a notice that further or more explicit proof was demanded. It is also true, or at least there was evidence introduced tending to show that the refusal to pay the loss was placed specifically on a wholly different ground, viz., the ground that the fire was supposed to be of incendiary origin. The list of damaged and destroyed property furnished to the company's agent at their instance and forwarded by them to the home office of the insurer was retained there without a suggestion to the assured that it was not considered to be in conformity with the terms of the policy, and it was so retained for nearly two months if the fire happened in August, or for nearly a month if the fire occurred in September, without an intimation that it was not in all respects satisfactory as a preliminary proof of loss, until the letter of October the twenty-fourth was written; and as that letter was never received by the assured's attorney to whom it was addressed it conveyed no information to him or his client that additional proofs were demanded. In the face of these facts, or of the evidence tending to prove them, the trial Court did right in rejecting the first and second prayers presented by the appellant because they sought instructions withdrawing the case from the consideration of the jury upon the ground that there was no legally sufficient evidence to prove a waiver of the condition of the policy concerning the preliminary proof of loss. The third prayer of the appellant was rightly rejected because it denied the right of the plaintiff to recover if the jury should find that no list of the undamaged property was left with the company's agents, even though they should further find certain other facts which justified the conclusion that the preliminary proof of the loss had been waived. If a list of undamaged property formed part of a full and formal preliminary proof of loss then the waiver of a full and formal preliminary proof necessarily waived the right to rely as a defense upon the failure to

furnish a list which constituted a part of such proof, since the waiver of the whole included a waiver of every part. The appellee's first prayer was granted, her third was conceded and her second and fourth were rejected. The first sets forth hypothetically all the facts adduced in evidence and instructed the jury that if they found them to be true, then "from these facts the jury may find that the defendant waived any objection to the preliminary proof and cannot now set up an objection that the same as furnished was not sufficient." This instruction fairly presented the law of the case and was properly granted.

The legal propositions we have stated in this judgment are fully sustained by the following among many other cases decided by this Court. *Franklin Fire Ins. Co.* v. *Chicago Ice Co.*, 36 Md. 102; *Frederick Co., &c., Co.* v. *Deford*, 38 Md. 454; *Fireman's Ins. Co.* v. *Floss*, 67 Md. 403; *Caledonia Fire Ins. Co.* v. *Traub*, 86 Md. 86; *Hartford Ins. Co.* v. *Keating*, 86 Md. 130; *Farmers' Fire In. Co.* v. *Baker*, 94 Md. 545.

Opinion by McSHERRY, C. J., filed November 1st, 1906. *E. Stanley Toadvin*, for the appellant. *J. H. Handy* and *E. H. Walton*, for the appellee.