### PETER et al. v. PLANO MFG. CO.

Where a letter, informing the seller of farm machinery that a machine did not comply with the warranty under which it was sold, was received and answered by the seller, it was immaterial that it was not registered as required by the contract.

Where the general agent of a seller of farm machinery, with full authority to supervise everything in relation to the starting and adjusting of machines, etc., superintended the testing of the machine, which had been purchased by plaintiff under a warranty that, if it could not be made to work on a two days' trial, immediate notice should be given thereof to the seller, such general agent had authority to waive such provision and request that the machine be retained for further trials after the assistance of an expert could be obtained.

A provision, in a warranty in a sale of farm machinery, that no person has any authority to add to, abridge, or change the warranty in any manner, and that to do so would render it void and of no effect, was unenforceable.

(Opinion filed, Feb. 13, 1907.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by William Peter and another against the Plano Manufacturing Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Campbell* & *Taylor,* for appellant.  *N. P. Bromley,* for respondents.

FULLER, P. J.   On the 19th day of August, 1901, respondents purchased a corn husking and shredding machine manufactured by the appellant corporation, and this action was instituted to rescind such sale for a breach of the following warranty: "No person has any authority to add to, abridge, or change this warranty in any manner, and to do so will render it void and of no effect. The Plano husker and shredder is warranted to be of good material and workmanship, and, when properly adjusted and properly operated, to do good work.  It shall be the duty of the purchaser to see that the machine is properly adjusted and operated. If, within two days from the time of its first use, the said machine shall fail in any respect to fill this warranty, written notice shall immediately be given by the purchaser of the Plano Manufacturing Company, at Chicago, Illinois, by registered letter, and to the local agent through whom the same was ordered, stating wherein it failed to fill the warranty, and a reasonable time shall be given the Plano Manufacturing Company and the agent through whom ordered to send a competent person to remedy the difficulty; the purchaser to give the necessary and friendly assistance and furnish the necessary material and power to start, operate, and test the machine, and help in general wherever it may be needed, free of charge.  If the machine cannot thus be made to fill the warranty, it is to be returned by the purchaser to the place where it was received, where another machine, at the option of the Plano Manufacturing Company, will be furnished, or the money and notes which have been given for the above-named machine shall be returned to the maker, and no further claim be made on the Plano Manufacturing Company, nor its agent.  Defect in material and construction found in any one part of the machine shall not condemn or be ground for returning the above-named husker and shredder, but the Plano Manufacturing Company agrees to replace any part found to be defective within 30 days from time machine is first started, without cost to purchaser, except telegrams, express, freight, or similar expenses.  The purchaser, in making

claim for defect, will be required to present the broken or defective parts, to the agent through whom the machine was ordered, showing conclusively that they were defective. In the absence of the defective parts being presented, as above stated, all extras or repairs will be charged for. Possession or use of said machine after two days from the time of its first use, without giving notice as above, shall be conclusive evidence of the fulfillment of the warranty and full satisfaction to the purchaser; and furnishing repairs, repairing or adjusting the machine thereafter shall not have the effect of renewing or extending this warranty." At the time of purchasing the machine and in full settlement therefor respondents executed and delivered to appellant their two promissory notes, aggregating $650, and upon a verdict in their favor, found at the trial, it was adjudged that such notes be recovered, or $816.-32 be paid respondents, together with costs and disbursements, in case appellant could not for any reason surrender such notes for cancellation.

The order was taken through appellant's local sales agent at Redfield, subject to the approval of the corporation at its home office in the city of Chicago, and when the machine reached Redfield respondents were notified of the fact by Nels Johnson, the general agent of the company, whose headquarters were at Aberdeen. This general agent, together with the sales agent, accompanied respondents at the time they took the machine out for trial, and there was evidence abundantly sufficient to justify the jury in finding that they utterly failed in the numerous efforts to make it do the work for which it was intended. From the testimony offered in support of the complaint it appears that the corn was dry and in favorable condition for a successful test of the machine, but that the same was constantly clogging up and breaking down, and after numerous unsuccessful trials, made at intervals to suit their convenience, pursuant to the assurance of Mr. Johnson that they should have as much time as they wanted for that purpose, respondents expressed their unwillingness to make any further experiments. Being thus thoroughly dissatisfied with the machine and anxious to rescind the contract, Mr. Johnson pursuaded them to give it further trials at his expense and under his exclusive man-

agement, and was wholly responsible for the fact that it was used for more than two days after it was taken out from Redfield. A part of the time Mr. Johnson was aided by an expert of the company, whom he called by telegram from Toronto, and yet they were unable to make the machine meet the terms of the warranty, and respondents finally returned it to Redfield and made demand on the local agent for the surrender of their promissory notes given in settlement therefor. Some time prior to returning the machine, and while Mr. Johnson and his expert were making unsuccessful attempts to operate it, respondents wrote to the Plano Manufacturing Company, at its office in the city of Chicago, that they were going to return it to Redfield, for the reason that it would not work and was constantly breaking down, and that they wanted their notes surrendered. Although this letter was not registered, nor sent as soon as required by the contract, it was shown that it reached its destination and was answered by the company, to the effect that the notes would have to be paid in full, and that they had been placed in the collection department, with the direction that payment be energetically enforced.

The witnesses for the respective litigants do not assign the same reasons for the almost constant breaking of different parts of the machine, and they disagree as to the cause of its being kept by respondents for nearly three weeks before returning it to the place from which it was taken. There is also some conflict in the evidence as to the result of the efforts of Mr. Johnson and his expert to make it do good work. But these questions were settled by the jury adversely to appellant, and the facts and circumstances justify the inference that, in obedience to the demand of the general agent, the machine was retained for further trials, and that such trials more fully demonstrated from day to day its inability to meet the terms of the warranty. It is plain that Mr. Johnson, as general agent of the company, had full authority to supervise everything in relation to starting and adjusting these machines, and could furnish repairs and call to his assitance experts in the employ of the company whenever he deemed their services necessary. It therefore appears that appellant had competent and authorized persons upon the ground at all times to remedy the difficulty, if possible, and

no claim is made that more trusty representatives or better experts could have been furnished, or that any prejudice resulted from the failure of respondents to give the required written notice within two days from the time the machine first failed to work in a proper manner. Moreover, every purpose of the requirement that the written notice be registered is answered by the fact that respondents letter was actually received in due course of mail at the home office of the company in the city of Chicago. In view of these facts, and all the circumstances of the case contemplated in the light of the law, the conclusion seems irresistible that Mr. Johnson, the general agent of the company, authoritatively waived all conditions of the warranty with which respondents have not substantially complied.

As corporations can act only through officers, agents, and employees, full force cannot be given the stipulation that "no person has any authority to add to, abridge, or change this warranty in any manner, and to do so will render it void and of no effect." Were it to be assumed that this written warranty has thus been rendered void and of no effect, the existence of the statutory warranty might be urged with some plausibility, and, if established, there could be no escape from the conclusion reached in the court below. In the recent case of National Bank v. Dutcher, 128 Iowa, 413, 104 N. W. 497, it was held that an agent having authority to sell a machine under such a contract as the one before us might bind his principal by a waiver of all conditions of the warranty favorable to the seller, but this case does not require us to invoke a rule so unfavorable to appellant.

A careful examination of all points urged for a reversal in the brief of counsel for appellant discloses no prejudicial error, and the judgment appealed from is affirmed.