## AULTMAN ENGINE & THRESHER CO v. BOYD.

Where the evidence admitted without objection was conflicting in material respects, and of such a nature that different minds might reasonably draw different conclusions therefrom, the case should have been submitted to the jury.

(Opinion filed, May 29, 1907.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by the Aultman Engine & Thresher Company against W. G. Boyd. From a judgment for plaintiff, defendant appeals. Reversed, and a new trial ordered.

*Sears & Potter,* for appellant. *Campbell & Taylor,* for respondent.

FULLER, P. J. This action was to recover the contract price of certain threshing machinery manufactured by respondent corporation and ordered by appellant in the month of July, 1903, through A. H. Parker, general agent of the Kenyon-Rosing Machinery company of Minneapolis, Minn.

As the trial court directed a verdict for respondent for the full amount claimed, the only question to be determined on this appeal is whether the case should not have been submitted to the jury under proper instructions at the conclusion of all the evidence. To avoid all liability under the contract or order, and for a complete defense thereto, appellant offered testimony tending to show a breach of the written warranty, and that, in full settlement for the machinery and pursuant to his agreement with Mr. Parker, he executed two promissory notes each containing the indorsement, "If this separator does not work satisfactorily, the within note is void," and that such notes were accepted and retained without objection made to him, and at maturity the same were placed for collection in the hands of Mr. Parker, who called upon appellant and demanded payment according to their terms; while Mr. Rosing, secretary of the Kenyon-Rosing Corporation, that apparently managed the western business of respondent and in whose name the promissory notes were authoritatively taken, testified that "they did not want to accept the notes the way they were made," and, after filing the mortgage given to secure the same, new notes were prepared and forwarded to the corporation's district agent at Groton for the signature of appellant, which was never obtained.

There is much evidence to show that different parts of the machinery were constantly breaking and failed in several essential respects to work as warranted, that within the time limited by the contract appellant notified respondent in writing at its home office in Canton, Ohio, and that such notice was duly received and acted upon. It was also shown that, before appellant returned the property to the place from which he obtained it, the general agent who procured the order, and one or two district agents, together with different experts of the company, were frequently on the ground during the time the machinery was in operation, and made several unsuccessful attempts to remedy the difficulty. Although it may be assumed, without deciding, that the agents who on the part of respondent transacted all the business with appellant were powerless to vary the terms of the written warranty by making the contract indicated by the notes taken in settlement for the machinery, it cannot be determined as a matter of law that the evidence is

insufficient to justify the jury in finding that appellant had substantially complied with all the requirements of the warranty not waived by respondent, and was entitled to recover on account of the breach thereof. The recent case of Peter v. Plano Mfg. Co., 21 S. D. 198, 110 N. W. 783, is similar upon principle and sufficiently instructive as to a case of this character. As the evidence admitted without objection was conflicting in material respects, and apparently such that different minds might reasonably draw different conclusions therefrom, the case should have been submitted to the jury. Haugen v. Railway Co., 3 S. D. 394, 53 N. W. 769; Bates v. Railway Co., 4 S. D. 394, 57 N. W. 72; Harrison v. Railway Co., 6 S. D. 100, 60 N. W. 405; McKeever v. Mining Co., 10 S. D. 599, 74 N. W. 1053; Kielbach v. Railway Co., 13 S. D. 629, 84 N. W. 192.

Without characterizing the facts further than to state that the law announced in Peter et al. v. Plano Mfg. Co., supra, is applicable thereto, the judgment appealed from is reversed and a new trial ordered.

CORSON, J., not sitting.