## BREEDEN v. ÆTNA LIFE INSURANCE COMPANY.

Failure to furnish notice of an accident or proof thereof within the
time fixed by an accident policy may be waived by insurer or its gen-
eral agent.

Waiver of failure to furnish notice and proof of an injury within
the time fixed by an accident policy may consist of some act of insur-

er or its general agent inconsistent with the claim that the policy has become inoperative through such failure, such as retaining without objection the proof furnished, or requiring additional proof.

A clause in an accident policy limiting the time for the giving of notice and the furnishing of proof of an accident covered by the policy must be strictly construed against insurer.

Where timely notice of an accident covered by an accident policy was given, and insurer had every reason to believe that insured intended to present his claim, and insurer could not be prejudiced by delay in furnishing proof, slight evidence of waiver of failure to furnish proof within the time fixed will be sufficient.

Where the proof of an injury covered by an accident policy was retained by insurer without objection, though furnished after the time limited in the policy, and the general agent subsequently wrote to a local agent to procure additional proof and to fill in blanks furnished, a finding of waiver of failure to furnish proof within the time fixed was authorized.

An insurer is bound by the acts of his general managing agent waiving a failure to furnish proof of an injury within the time fixed by the policy, though it provides that no agent has authority to waive any condition thereof.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Hughes County. Hon. LYMAN T. BOUCHER, Judge.

Action by James K. Breeden against the Ætna Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Goodner & Goodner,* for appellant.

Soliciting agents have no authority to bind the company by contract of insurance nor agents having only authority to countersign and deliver policies issued by the company can waive the requirements in such policies as to notice and proofs. 19 Cyc. p. 858; Ostrander Fire Ins. § 227; Harrison v. Ins. Co., 59 Fed. 732; Knudson v. Ins. Co., 75 Wis. 198. If without valid reason the insured fails to comply with the requirements of the policy at all, or to do so within the stipulated time, then the liability of the insurer is discharged, and mere silence or investigation, or even negotiation, will not revivify the contract. Nothing will do that short of an express agreement, or a change of position by the insured, to his disadvantage, reasonably induced by the acts of the insurer. Gould v. Ins. Co., 19 Am. St. Rep. 718; Gibson El. Co. v. Ins.

Co., 159 N. Y. 418; Underwood v. Ins. Co., 57 N. Y. 501; Hart v. Fraternal Alliance, 108 Wis. 490; New Orleans Ins. Assn. v. Matthews, 65 Miss. 302; Bowlin v. Fire Ins. Co., 31 N. W. 859; Cleaver v. Ins. Co., 32 N. W. 661; Knudson v. Ins. Co., 43 N. W. 954; Barre v. Ins. Co., 41 N. W. 374; Kyte v. Assur. Co., 144 Mass. 46; Ins. Co. v. Wolf, 95 U. S. 328; Ostrander, Fire Ins. §§ 361, 364, 366; 2 Bacon Ben. Soc. § 435.   The insured cannot claim to have been misled into not complying with the policy after the expiration of the time stipulated for furnishing proofs, for his opportunity to do so had already passed.   Burlington Ins. Co. v. Ross, 48 Kan. 228; State Ins. Co. v. School Dist. No. 19, 66 Kan. 77; Westchester Fire Ins. Co. v. Coverdale, 58 Pac. 1029; Robinson v. Ins. Co., 90 Me. 385, 38 Atl. 320; Ermentrout v. Ins. Co., 63 Minn. 305; McPike v. Western Assur. Co., 61 Miss. 37; New Orleans Ins. Ass'n v. Matthews, 65 Miss. 301, 4 South. 62; Patrick v. Ins. Co., 43 N. H. 621.   Unless the insured has been misled to his injury by acts indicating an intention of the company to waive, no waiver will arise therefrom; in other words the waiver must be express or founded on estoppel.   Unthank v. Travelers, 28 Fed. Cas. 824; Phoenix v. Searles, 100 Ga. 97; Employers Liability v. Rochelle, 13 Tex. Cir. App. 232; No waiver by an independent investigation can arise if the company continues to insist on a compliance with the policy.   Williams v. Queens Ins. Co., 39 Fed. 167; Lycoming Ins. Co. v. Updegraff, 40 Pa. 311; Scottish Union v. Clancy, 83 Texas 113.

*Chas. E. DeLand* and *James K. Breeden,* for respondent.

A general agent may, for that matter, appoint a sub-agent in a distant city, to act for the company, and his acts will bind it. South Bend Toy Mfg. Co. v. Ins. Co., 3 S. D. 205; Harding v. Ins. Co., 10 S. D. 68.   The company was not bound to insist upon a forfeiture though incurred, but might waive it.   It was not bound to act upon the declaration that its agents had no power to * * * waive forfeitures but might, at its option, give them such power, * * * a waiver of the stipulation or agreement would not be repugnant to the written agreement.   Clevenger v. Ins. Co., 2 Dak. 114; 6 Otto 234; Enos v. Ins. Co., 4 S. D. 639.   Notice to the general agent is notice to the company.   11 Ency. of Law, 323;

Hitchcock v. Ins. Co., 10 S. D. 271. Demand of proofs by insurer waives any defense under the policy of which the insured has any knowledge when making such demand. Ostrander on Fire Ins., 742. Where an agent has the power to act, he will also have presumptively the power to waive. Ostrander on Fire Ins. p. 208. Waiver is defined by the courts as a relinquishment of a known right, and may be either expressed or implied. Ostrander on Fire Ins. pp. 738, 741, 753. Waiver is irrevocable, and the right to insist on an enforcement of the condition is irretrievably lost. Ostrander on Fire Ins. p. 278; Live Stock Ins. v. Baker, 153 Ill. 240.

McCOY, J. From the record in this case it appears that in March, 1904, the defendant, Ætna Life Insurance Company, issued to plaintiff, James K. Breeden, its policy of accident insurance, and that thereafter while said policy was in force, on the 11th day of November, 1904, the plaintiff met with an accident, being thrown from his buggy and injured, and rendering plaintiff wholly helpless for the space of eight weeks, from November 11, 1904, to January 6, 1905, and that from the 7th day of January, 1905, to July 7, 1905, plaintiff for a period of 26 weeks was partially disabled, and, under the provisions of said policy, plaintiff became entitled to indemnity in such stated sums per weeks as were therein provided. On February 26, 1906, plaintiff made and furnished to defendant written proofs of his disability and the duration thereof. Clause 16 of said policy provides as follows: "Immediate notice in writing of any accident or injury shall be given to said company at Hartford, Conn., with full particulars and name and address of the insured, and unless affirmative proof of the partial or total disability, and that the same was the result of external violence or accidental means, is so furnished within two months from the termination of total or partial disability, the said company shall be released from all liability for the payment of any claim based on said insurance policy." The defendant contends that, by reason of the plaintiff having failed to furnish proof of disability within the time specified in said clause 16, it has become released from all obligation to pay plaintiff. Plaintiff contends that, under the evidence in this case, defendant should be held to have waived the time limit provision of said clause 16.

It apears in the evidence: That one James Door at the time of the issuance of said policy, and up until April, 1906, was acting as the general managing agent of defendant, and that one Gleckler during the years 1904, 1905, and 1906 was acting as local agent of defendant at Pierre, where plaintiff resided. That the policy was solicited by and premiums paid to Gleckler, and that the policy was issued by defendant and countersigned by Door, general agent. It appears that Door and defendant were duly notified in writing of the accident immediately after its occurrence. It also appears that plaintiff wrote to Door prior to August 14, 1905, and again on that date for blanks on which to make proof of claim, thus indicating to defendant that he intended to present his claim under this policy, and that Door immediately sent the blanks, and that on February 26, 1906, plaintiff furnished to defendant formal written proofs, which were retained by defendant without objection, and that, immediately after the receipt of such proofs, Door wrote Gleckler to further investigate plaintiff's disability, and the duration thereof, and inclosed to Gleckler, with the letter, a blank proof filled out, except as to length of time of disability, and requested Gleckler to ascertain the length of time of the disability and fill in the blank, and Gleckler, upon receipt of this letter, immediately saw plaintiff and ascertained the length of time, and also procured from the attending physician a certificate as to the duration of plaintiff's disability, and forwarded the same to Door during the month of March, 1906. The position is not tenable that the writing of this letter by Door to Gleckler immediately after the furnishing of proofs by plaintiff was independent investigation on the part of defendant. About April 7, 1906, defendant through its agent Door notified plaintiff that payment was refused on the ground that proof had not been furnished within two months after the termination of the partial disability. A failure to furnish the notice of accident or proofs of injury within the required time may be waived by the insurer or its general agent. Waiver may consist of some act on the part of the insurer, or its general agents, inconsistent with its claim that the policy has become inoperative through the failure to furnish the proof of loss within the time required, such as retaining the proofs furnished without objection;

or requiring further information or additional proofs. 1 Cyc. 278; Standard Ins. Co. v. Davis, 59 Kan. 521, 53 Pac. 856; Peabody v. Fraternal Acc. Soc.., 89 Me. 96, 35 Atl. 1020; Moore v. Wildcy Cas. Co., 176 Mass. 418, 57 N. E. 673; Hohn v. Inter-State Cas. Co., 115 Mich. 79, 72 N. W. 1105; Martin v. Manufacturers Indemnity Co., 151 N. Y. 94, 45 N. E. 377; Trippe v. Provident Fund Soc., 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432; Meyers v. Maryland Cas. Co., 123 Mo. App. 682, 101 S. W. 124; Young v. Railway Mail Ass'n, 126 Mo. App. 325, 103 S. W. 557; Spring Garden Ins. Co. v. Whayland, 103 Md. 699, 64 Atl. 925. Conditions as to time limit such as contained in clause 16 of the policy in question should be strictly construed against the insurer. Odd Fellows Acc. Soc. v. Earle, 70 Fed. 16, 34 U. S. App. 285, 16 C. C. A. 596; Edge v. St. F. & M. Ins. Co., 20 S. D. 190, 105 N. W. 281. In a case like this, where there could have been no possible prejudice to any right of the insurer by reason of the delay in furnishing proofs, where the notice of the accident was timely given, and where the insurer had every reason to know and believe that plaintiff intended to present his claim, slight evidence of waiver should prevail. National Masonic Acc. Ass'n v. McBride, 162 Ind. 379, 70 N. E. 483. When general managing agent, Door, wrote Gleckler to procure further information and additional proofs and fill in blanks, after the two months time limit had expired, and when the proofs sent in by plaintiff were retained by defendant without objection, these were all acts inconsistent with the contention and theory of defendant that the policy had become inoperative through plaintiff's failure to furnish the proofs within two months after termination of disability. Door being general managing agent of defendant, the defendant was bound by his acts notwithstanding the fact that the policy provided that "no agent has authority to waive or change any condition of this policy." Reed v. Continental Ins. Co., 65 Atl. 569; Ind. River Bank v. Hartford Ins. Co., 46 Fla. 283, 35 South. 228; Ohio Farmers' Ins. Co. v. Vogle, 166 Ind. 239, 76 N. E. 977, 3 L. R. A. (N. S.) 966; Peter v. Plano, 21 S. D. 198, 110 N. W. 783.

Finding no error in the record, the judgment of the lower court is affirmed.