786 A.2d 27

ALLSTATE INSURANCE COMPANY,

v.

RELIANCE INSURANCE COMPANY et al.

No. 2815, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Dec. 3, 2001.

508

Robert S. Reverski, Jr., (Craig D. Roswell and Niles, Barton & Wilmer, LLP, on the brief,) Baltimore, for appellant.

Michael S. DeBaugh (Lord & Whip, on the brief, for appellees, Reliance Ins. Co. and The Ryland Group, Inc.,) Baltimore, for appellees. (Thomas M. Hennessy of Annapolis, on the brief, for appellees, Alex and Janet Yeung.)

Argued before DAVIS, JAMES R. EYLER, and BISHOP, JOHN J. (Ret., specially assigned), JJ.

JAMES R. EYLER, J.

The Ryland Group, Inc. (Ryland) and Reliance Insurance Company (Reliance), appellees, filed suit in the Circuit Court for Anne Arundel County against Allstate Insurance Company, appellant. Alex and Janet Yeung filed a separate suit against appellant in the same circuit court. Appellees, as

assignees of the Yeungs, and the Yeungs in their own right sought to recover for fire damage to the Yeungs' home under a fire insurance policy issued by appellant to the Yeungs. The circuit court entered judgment in favor of appellant with respect to the claim by the Yeungs but entered judgment against appellant with respect to the claims by Reliance and Ryland.

Appellant relied on a provision in the policy that excluded coverage if the insured property was not occupied by the insured. Appellant issued the policy with knowledge that the property would not be occupied by the insured for six months. We shall affirm the judgment on the ground that, on the facts of this case, appellant, based on principles of waiver and estoppel, was barred from asserting the exclusion.

### Factual Background

On May 30, 1997, the Yeungs entered into a contract to purchase a house from Ryland. On May 31, 1997, the Yeungs leased the house to Ryland until December 31, 1997, for use as a sales office and a mobile home. Pursuant to the terms of the lease, Ryland agreed to maintain the property and to procure fire insurance on the property.

On June 26, 1997, Ms. Yeung telephoned appellant's agent in order to purchase a homeowner's insurance policy. The parties disagreed as to what was said in that conversation. Ms. Yeung took the position that she advised the agent that the Yeungs were going to lease the house to Ryland, and appellant took the position that Ms. Yeung told the agent that the Yeungs intended to occupy the property within thirty days.

On June 27, 1997, appellant's agent, who had authority to bind coverage, delivered a completed application/binder to the Yeungs. The application recited that the house would be occupied by the Yeungs and that there would be no business or professional activity in the house. The binder bound appellant to the terms of its standard homeowner's policy. The Yeungs did not read the application/binder.

On June 30, 1997, the Yeungs obtained title to the property. On July 10, 1997, the Yeungs' house was damaged by fire. The Yeungs did not reside in the house prior to the fire; Ryland used it as a sales office and model home.

The Yeungs made a claim pursuant to the fire insurance policy issued by appellant, but appellant denied the claim. Appellant, as reasons for the denial, asserted that (1) coverage was excluded under the policy because the house was leased to Ryland for use as a model home, (2) the Yeungs misrepresented their intent to live in the house, (3) Ryland assumed the risk of loss as lessee, and (4) Ryland's use as a model home increased the hazard. The policy, in pertinent part, provided coverage for a "dwelling," defined as the building in which the insured resided and which was principally used as a private residence.

Reliance, Ryland's insurance carrier, and Ryland paid for damage to the house and related losses. The Yeungs assigned their rights under appellant's policy to Ryland and Reliance. Ryland and Reliance filed suit against appellant in the Circuit Court for Anne Arundel County to recover the amounts paid. The Yeungs filed a separate suit against appellant in the Circuit Court for Anne Arundel County, seeking lost rental payments. The cases were consolidated in that court.

At trial on October 5, 2000, the parties agreed that there was only one question of fact, and they submitted that question to the jury. The jury, on special verdict, resolved that factual dispute and determined that, "Mr. or Mrs. Yeung notified, informed or advised Allstate's [appellant's] agent prior to the issuance of the policy that their home was to be leased back to Ryland immediately after the purchase and that the Yeungs would not occupy the property during that lease term." Appellant made an oral motion for judgment and, subsequently, filed a written memorandum in support of that motion. Ryland, Reliance, and the Yeungs filed motions for judgment and memoranda in support thereof.

In support of its motion, appellant argued (1) Ryland assumed the risk of fire loss pursuant to the terms of the lease,

(2) there was no coverage because of misrepresentation of facts in the application for insurance, (3) the house was not a dwelling as defined in the policy because the policy required that it be occupied by the Yeungs, (4) leasing the house increased the hazard, (5) there was no coverage because the property was being taken care of for a fee in violation of certain provisions in the policy, and (6) there was no coverage with respect to the Yeungs' claim for lost rental. Ryland and Reliance argued that (1) notwithstanding the terms of the written binder and insurance policy, there was an oral agreement to provide coverage based on the conversation between Ms. Yeung and appellant's agent, (2) appellant waived the exclusion in the policy, and (3) appellant was estopped from asserting the exclusion. The Yeungs are not parties on appeal, and their contentions with respect to their claim for lost rental are not relevant to the issues before us.

On November 21, 2000, the circuit court entered judgment in favor of appellant with respect to the Yeungs' claim, but denied appellant's motion with respect to the claims by Ryland and Reliance. On the same date, the court granted Ryland and Reliance's motion and entered judgment in their favor against appellant in the amount of $253,922.81. In ruling on the motions, the circuit court found that there was an oral agreement between the Yeungs and appellant whereby appellant agreed to cover the property even though it was to be rented for the following six months. The court held that the oral agreement superseded the terms of the written agreement. The court also ruled that Ryland's agreement to provide insurance under the terms of the lease did not relieve appellant of its coverage obligation. The court did not rule on the waiver and estoppel claims.

## Contentions

Appellant contends (1) the circuit court erred by finding a parol contract when a clear written contract existed, (2) reformation of the contract is not available to appellees, and (3) the lease agreement provided that Ryland would bear the risk of fire loss. In support of the first contention, appellant argues

that a parol contract that contradicts a written contract is void, and the written contract did not provide coverage for a leased building used as a model home. Appellees contend that (1) the circuit court's finding of a parol contract to provide coverage should be affirmed, (2) appellant waived the occupancy provision, and (3) appellant is estopped from asserting the occupancy provision.

## Discussion

### Oral Contract

Appellant contends that the oral agreement found to exist by the circuit court contradicted the written binder issued by appellant's agent; thus, by application of the parol evidence rule, it was void. Appellant points out that the settled rule is that, "[a] parol agreement made at the time of issuing the policy, contradicting the terms of the policy itself, like any other parol agreement inconsistent with a written agreement made contemporaneously therewith, is void and cannot be set up to contradict the writing." *McFarland v. Farm Bureau Mutual Automobile Insurance Co.,* 201 Md. 241, 249, 93 A.2d 551 (1953) (citations omitted). Appellees contend that the oral agreement was binding, regardless of the terms of the written binder or policy, relying on *National Fire Insurance Company of Hartford v. Tongue, Brooks & Co.,* 61 Md.App. 217, 486 A.2d 212 (1985), and John Alan Appleman, *Holmes' Appleman on Insurance, 2d* vol. 4, § 17.2 (Eric Mills Holmes ed., LEXIS L. Publg.1998) [hereinafter *Appleman 2d* ].

■ The jury's finding of fact is not challenged on appeal. It is not clear whether the circuit court found an oral contract as a matter of law or of fact but the parties, and the court as well, appear to have assumed that the jury's verdict established an oral promise by appellant's agent to provide coverage for the Yeungs' home during the time it was leased to Ryland. The jury was not asked to resolve that issue, however. Moreover, our review of the record reveals no evidence of an *oral* promise to provide insurance. There is no evidence of any oral representation whatsoever by appellant's agent. The

first promise by appellant or appellant's agent to provide any coverage was contained in the *written* application/binder. The knowledge of facts on the part of appellant's agent, standing alone, was insufficient to support a finding of fact, and necessarily a ruling of law, that there was an oral agreement to provide coverage for the Yeungs' home leased to Ryland. Consequently, the circuit court erred in finding such an oral agreement.

*National Fire* is not on point. In that case, the question was whether National Fire Insurance Company had agreed to insure a restaurant. National Fire paid the claim and then sued its agent, Tongue, Brooks & Co., alleging that the agent issued the binder without authority. This Court indicated that regardless of whether the agent had authority to issue the binder, an oral agreement between the agent and the insurance company to provide coverage to the restaurant was enforceable. There was no contention that the policy's relevant provisions excluded coverage for the loss; the question was whether the agent had authority to issue a binder providing coverage to the insured. *National Fire* is relevant, however, because it does recognize the principle that an oral agreement to provide insurance may be enforceable. *See also* cases cited in *Appleman 2d* § 17.2. As we have already indicated, however, there was no evidence of an oral agreement to provide coverage irrespective of the written binder.

Additionally, while it is unnecessary to address this issue, even if an oral agreement existed, arguably at least, it would have merged into the binder and written policy. *See Appleman 2d* § 17.12 (oral agreements normally merge into the written contract once the policy or binder is issued, unless there is proof of fraud, mutual mistake, or some other inequity.)

### Waiver and Estoppel

Waiver is "the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right." *Rubinstein v. Jefferson Nat'l Life Insurance Co.*, 268 Md. 388, 392–93, 302 A.2d 49 (1973)

(citations omitted). An insurance company may waive provisions of its policies by express agreement, or a waiver may be inferred from the company's conduct, if the conduct is " 'inconsistent with an intention to insist upon a strict performance of the condition.' " *St. Paul Fire & Marine Insurance Co. v. Molloy,* 291 Md. 139, 145, 433 A.2d 1135 (1981) (quoting *Spring Garden Insurance Co. v. Whayland,* 103 Md. 699, 701, 64 A. 925 (1906)). In *Commonwealth Casualty Co. v. Arrigo,* 160 Md. 595, 154 A. 136 (1931), the Court of Appeals explained, " '[i]t is a just and settled rule that an insurance company which issues a policy and collects the premium thereon, with actual or imputed knowledge that warranties contained in it are contrary to the real facts, will not be permitted to defeat recovery by the insured on the ground that the conditions thus stipulated did not exist.' " *Id.* at 600, 154 A. 136 (quoting *Goebel v. German Insurance Company,* 127 Md. 419, 424, 96 A. 627 (1916)) (citations omitted). Ordinarily, the question of whether an insurance company has waived a provision in a policy is a question of fact. *See St. Paul Fire & Marine Insurance Co.,* 291 Md. at 145, 433 A.2d 1135. In that case, the Court of Appeals explained, "[w]hether waiver exists in a given case is normally a question for the trier of fact, for the determination of its existence *vel non* turns on the intent of the party ostensibly waiving the right, a state of mind which is to be derived from the facts and circumstances surrounding the purported relinquishment." *Id.* (citations omitted).

 In order for estoppel to apply, one must have been misled and sustained injury as a result of reliance on the acts or statements of an authorized agent of the insurer. *See Rubinstein,* 268 Md. at 393, 302 A.2d 49. Waiver and estoppel are frequently interrelated. In *McFarland,* the Court stated:

[W]here an insurance company adopts a course of conduct which induces an honest belief, reasonably founded in the mind of the insured, that strict compliance with policy provisions will not be required and that payment may be delayed without incurring a forfeiture, and the insured is misled, the company will be deemed to have waived the

right to claim an automatic forfeiture and will be estopped to elect to discontinue the insurance.

*McFarland,* 201 Md. at 248, 93 A.2d 551 (citations omitted). While the rule is not followed in all jurisdictions, *see Huff v. Travelers Indemnity Co.,* 266 Ind. 414, 363 N.E.2d 985, 992 (1977), the rule in Maryland is that "waiver or estoppel may occur only when it does not create new coverage; an extension of coverage may only be created by a new contract." *United Capitol Insurance Co. v. Kapiloff,* 155 F.3d 488, 497 (4th Cir.1998)(citing *Prudential Insurance Co. v. Brookman,* 167 Md. 616, 620, 175 A. 838 (1934)). That principle plus the parol evidence rule have caused courts in some jurisdictions to hold that waiver and estoppel are not applicable to an occupancy provision such as the one before us. *See Couch on Insurance 3d* § 49:37 (Lee R. Russ & Thomas F. Segalla eds., West 1997). In Maryland, it appears that such an occupancy provision is treated as a condition, and the doctrines of waiver and estoppel are available. *See Goebel v. German–American Insurance Co.,* 127 Md. 419, 96 A. 627 (1916).

There remains the question whether waiver or estoppel is available as a matter of law or constitute fact questions. As noted previously, the question of waiver is ordinarily a fact question because it involves intent. Similarly, the question of estoppel is frequently a fact question because it involves the assessment of conduct by one party and reliance by another party. Under appropriate circumstances, however, they may be ruled upon as questions of law. *Compare Maryland Casualty Co. v. Craig,* 213 Va. 660, 194 S.E.2d 729 (1973)(question of law) *with Travelers Fire Insurance Co. v. Bank of New Albany,* 244 Miss. 788, 146 So.2d 351 (1962) (question of fact). In *Goebel,* the lower court ruled, as a matter of law, that waiver was not available to defeat a clause in an insurance policy requiring occupancy. The Court of Appeals reversed and remanded for a new trial. The Court clearly treated the occupancy clause as a waivable condition, at least if the property was vacant at the inception of the risk. It is not clear, however, whether waiver applied as a matter of

law if the company, on remand, were found to have knowledge of the vacancy at the inception of the risk.

In *Maryland Fire Insurance Co. v. Gusdorf,* 43 Md. 506 (1876), an insurance policy insured goods that were to be kept in a specified location. The goods were moved and, subsequently, were damaged. The lower court presented the case to a jury with an instruction that if the jury found the insurance company knew the goods had been moved, the company would be estopped from relying on the policy provision. On appeal, the Court discussed the parol evidence rule and estoppel and held that estoppel applied. The net effect of the ruling was to apply estoppel as a matter of law. Similarly, in *Commonwealth Casualty Co. v. Arrigo,* 160 Md. 595, 154 A. 136 (1931), a case involving a provision in a policy relating to ownership of a motor vehicle and not occupancy of premises, the Court appears to have applied waiver as a matter of law based on the insurance company's knowledge of facts.

The case before us presents a close question. The only evidence introduced by the parties related to the question of whether appellant's agent had knowledge that the house would not be immediately occupied by the Yeungs. If there were no evidence of conduct by appellant's agent other than issuing a written binder, and no evidence of appellant's intention other than that which could be gleaned from issuance of the written binder with knowledge of the facts, we would be reluctant to hold that waiver or estoppel applied as a matter of law. By virtue of the jury's answer to the factual question put before it, however, we have the additional fact that appellant's agent, inadvertently or intentionally, put incorrect information on the application for coverage. Under these circumstances, we hold that waiver and estoppel apply as a matter of law.

### Reformation

Appellant also claims that appellees are not permitted to seek reformation of the written insurance contract because they did not seek reformation in their complaint. Further, appellant maintains that even if appellees were allowed to

argue reformation, the necessary elements do not exist. Specifically, appellant asserts that appellees cannot demonstrate mutual mistake, fraud, duress, or other inequitable conduct. The trial court did not purport to reform the written agreement; appellees do not seek reformation; and in light of our decision above, we need not address this issue.

### The Lease

Appellant's final argument is that the lease between Ryland and the Yeungs reflected an intent that Ryland would bear the risk of loss due to fire. The lease provided that Ryland would be responsible for the cost of all repairs and maintenance to the property and would maintain fire insurance. The agreement between Ryland and the Yeungs did not relieve appellant of its responsibility to fulfill its contract with the Yeungs. Appellant's rights as subrogee of the Yeungs, if and when it makes payment under its policy, are not before us.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**