MARY L. TRIPPE, as Administratrix, etc., Respondent, *v.* THE PROVIDENT FUND SOCIETY, Appellant.

An accident insurance certificate issued by defendant to T., plaintiff's intestate, contained a condition to the effect that notice of an accident for which a claim is to be made must be given in writing within ten days from its occurrence "with full particulars of the accident and injury," and that failure to give such notice would invalidate all claims under the certificate. In an action upon the certificate it appeared T. was killed by the fall of a building in which was his place of business; his body was not found until three days after the accident, and up to that time it was not known that he was dead. The required notice was served more than ten days after the accident, but within ten days after discovery of the body, *Held,* that there was a sufficient compliance with the condition; that the intent of the contract was that notice should be given when and after the manner of death became known to the party required to act, and so that the time began to run from the date of the discovery of the body.

The notice served was retained by defendant without objection; forty days thereafter, upon written application, defendant furnished the necessary blanks for proofs of loss, which proofs were made and forwarded to defendant and were retained by it without objection; more than five months thereafter defendant called for further information. *Held,* that conceding the notice was not served in time, the condition was waived.

(Argued October 20, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 2, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover $5,000, the amount alleged to be due upon a certificate of membership issued to Frederick W. Trippe, plaintiff's intestate, by defendant.

The facts, so far as material, are stated in the opinion.

*John L. Hill* for appellant. The court erred in refusing to dismiss the complaint because the plaintiff had then failed to show the performance of the condition precedent to any liability on the part of the company, and because the undisputed testimony showed that that condition precedent to liability had not been performed ; that is to say, no notice of the injury or death was given to defendant within ten days thereafter. (*Cawley* v. *N. E. Assn.*, 1 C. & E. 597 ; *Gamble* v. *A. Co.* [C. L.], 4 Irish Rep. 204 ; *Patton* v. *E. L. Co.*, L. R. [20 Irish] 93 ; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 362 ; *Paul* v. *T. Ins. Co.*, 112 id. 572 ; *A. Ins. Co.* v. *Little*, 20 Ill. App. 431.) It would not be unjust or unconscionable to sustain a defense predicated on a delay of but one day in giving notice, when the time for action was fixed by the policy. (*Rohner* v. *K. L. Ins. Co.*, 63 N. Y. 161.) The time of death was a material question of fact, and should have been submitted to the jury. (*Oppenheim* v. *Wolf*, 3 Sandf. Ch. 571 ; Abb. Tr. Ev. 77, 78.) There was no waiver of the breach of the condition respecting notice. (*Robertson* v. *M. L. I. Co.*, 88 N. Y. 541 ; *Weed* v. *L. & L. F. I. Co.*, 116 id. 118 ; *Armstrong* v. *Ins. Co.*, 130 id. 560 ; *Ronald* v. *M. R. F. L. Assn.*, 132 id. 168 ; *Titus* v. *G. F. Ins. Co.*, 81 id. 410, 419 ; *Brink* v. *H. F. Ins. Co.*, 80 id. 109.) It was error to submit the question to the jury, whether the business of Mr. Trippe was that of a wholesale drug merchant. The uncontradicted proof was that he did not so advertise himself, and these advertisements must be taken as admissions against his interest. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341.) But, if the evidence justified the submission to the jury what Mr. Trippe's business was, the court erred in admitting as evidence on this point the opinions and conclusions of witnesses. (*Steinbach* v. *L. Ins. Co.*, 54 N. Y. 93.) It was error to

exclude the defendant's inquiries from the witness Tompkins. (*Hobby* v. *Dana*, 17 Barb. 111; *Devereux* v. *S. F. Ins. Co.*, 51 Hun, 147.)

*William Henry Arnoux* for respondent. Under the proper and legal construction of the provisions of the policy in question the notice of death herein was duly served. (2 May on Ins. § 463 ; *Ins. Co.* v. *Brykin*, 12 Wall. 433.) If, however, there had been any failure to give the notice required by the ten-day provision of the policy, such failure was waived by defendant, and it is now estopped from claiming the benefit of any forfeiture based thereon. ( *Wright* v. *Forbes*, 1 How. Pr. 240; *G. L. Co.* v. *Strong*, 3 id. 245 ; *F. Ins. Co.* v. *Edwards*, 122 U. S. 457 ; *Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560; *Pratt* v. *D. H. M. Ins. Co.*, 41 id. 303 ; *Roby* v. *A. C. Ins. Co.*, 120 id. 510 ; *Titus* v. *G. F. Ins. Co.*, 138 id. 537.) There was no misrepresentation, concealment or breach of warranty of any of the provisions in said policy contained, whereby the plaintiff's right of action herein could be forfeited or defeated. (*Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281 ; *Bryant* v. *S. M. Ins. Co.*, 17 id. 200 ; *Harper* v. *N. Y. C. Ins. Co.*, 22 id. 441 ; Richards on Ins. [2d ed.] 163 ; *Carrigan* v. *L. F. Ins. Co.*, 53 Vt. 418.)

O'BRIEN, J. The defendant is an accident insurance company, upon the co-operative or assessment plan, and on the 13th day of March, 1891, issued its policy or certificate to Frederick W. Trippe, the plaintiff's intestate, whereby it agreed upon the considerations referred to in the instrument to pay to him certain sums specified as a weekly indemnity on account of disability from accidents within the terms of the contract, and also the sum of $5,000 in case of death " through external, violent and accidental means." The place of business of the insured was in a building near Park place, in the city of New York, which, on the 22d of August, 1891, fell, crushing to death in the ruins several of the occupants, and among them the insured. The destruction of this building, and the con-

sequent loss of life, is known in the events of that year as the "Park place disaster." The claim is resisted by the defendant upon the ground that certain conditions expressed in the certificate, which were warranties or conditions precedent to liability, have not been complied with. The most important question and that most strenuously insisted upon by the defendant arises upon the following condition :

"Notice of any accidental injury for which claim is to be made under this certificate, shall be given in writing, addressed to the president of the society at New York, stating the full name, occupation and address of the injured member, with full particulars of the accident and injury, and failure to give such written notice within ten days from the date of either injury or death, shall invalidate any and all claims under this certificate."

There is nothing in the case to create any doubt as to the fact that the insured was killed on the day of the accident, but the fact was not known until the 25th, when the body was found among the ruins and identified. Notice of the death was given to the defendant on the 2d day of September, which was within the ten days from the discovery of the body, but not within ten days from the day of the accident, when, as the defendant insists, the death must have occurred. The condition upon which the defense is based was to operate upon the contract of insurance only subsequent to the fact of a loss. It must, therefore, receive a liberal and reasonable construction in favor of the beneficiaries under the contract. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389.) The provision requires not only notice of the death, but "full particulars of the accident and injury." It is quite conceivable that in many cases of death by accident the fact cannot be and is not known until days or even weeks after it has occurred. Such conditions in a policy of insurance must be considered as inserted for some reasonable and practical purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible. The object of the notice was to enable the defendant, within a reasonable

time after the death or injury, to inquire into all the facts and
circumstances while they were fresh in the memory of wit-
nesses, in order to determine whether it was liable or not upon
its contract.   The full particulars of the death which the con-
dition requires cannot ordinarily be furnished until the fact
of death and the manner in which it occurred are ascertained.
In this case all that was known prior to the 25th of August,
when the body was found, was the fact that the deceased had
his place of business in the building and that it had been
destroyed.   But it did not follow from these facts that the
insured was dead, as he might have been absent from the
building at the time or in some way escaped from the result
of the accident, and a notice served upon the defendant prior
to the time when the body was found and the fact of death
ascertained, would not be within the object or terms of the
condition.   The parties having contracted that the notice of
death should be accompanied by full particulars of the manner
in which it occurred and the attendant circumstances, they
evidently intended that it should be given only when the fact
and manner of death became known to the parties who were
required to act.   The fair and reasonable construction of this
condition, therefore, is that the ten days within which the
notice is to be given did not begin to run from the date of the
accident or the disappearance of the insured, but from the
time when the body was found, and the important fact of
death, with the circumstances and particulars under which it
occurred, ascertained.   This construction secures to the defend-
ant every benefit and advantage that was intended by this pro-
vision of the policy, and it cannot, therefore, complain if the
very harsh and technical meaning which it now seeks to put
upon a condition subsequent is rejected.   The plaintiff was
the widow of the deceased and the beneficiary named in the
certificate.   She was the only party interested in the enforce-
ment of the contract, and who could give the notice, and she
could not give it, within the meaning of the condition, until
she had knowledge of the facts which she was bound to com-
municate.   To hold that the plaintiff was bound to give notice

of the death of her husband, with full particulars, before she
had any knowledge of the facts, would be to require her, by a
technical and literal construction, to do an impossible thing,
which was not within the intention of the parties when the
contract was made. (*Insurance Companies* v. *Boykin*, 12
Wall. 433.)

But even if the defendant's construction of this condition
was correct, we think by its acts the objection has been waived
and cannot now be urged as a defense. The notice served on
the 2d of September was retained without objection, and
another served on the 15th of October, after the plaintiff had
been appointed administratrix. On the 12th day of October
upon written application to the defendant it furnished the
necessary blanks for proofs of loss. These proofs were made
and forwarded to the defendant in compliance with the terms
of the contract, and were retained without objection. On
the 19th of March following, the defendant called for further
information, which was given. It is well settled that such
defenses are waived when the company, with knowledge of all
the facts, requires the assured by virtue of the contract to do
some act, or incur some expense or trouble inconsistent with
the claim, that the contract had become inoperative in con-
sequence of a breach of some of the conditions. (*McNally*
v. *Phœnix Ins. Co.*, *supra; Roby* v. *Am. Cent. Ins. Co.*,
120 N. Y. 510; *Titus* v. *Glens Falls Ins. Co.*, 81 id. 410,
419; *Benninghoff* v. *Ag. Ins. Co.*, 93 id. 495; *Goodwin* v.
*Mass. Mut. Life Ins. Co.*, 73 id. 480; *Brink* v. *Hanover
Fire Ins. Co.*, 80 id. 108; *Jones* v. *Howard Ins. Co.*, 117
id. 103; *Armstrong* v. *Ag. Ins. Co.*, 130 id. 560; *Travelers'
Ins. Co.* v. *Edwards*, 122 U. S. 457.)

The acts of the defendant in receiving and retaining these
papers without objection, and calling for others, are consistent
only with the theory that the contract was still considered in
force, and as the plaintiff acted accordingly in performance of
its conditions, subsequent to the loss, the defendant ought not
to be permitted now to change its position and assert that
after ten days from the accident the obligations of the policy

virtually ceased by reason of failure within that time to serve notice of death.

The deceased stated in his application, which is part of the policy, and a warranty that his business was that of a "wholesale drug merchant." It is now urged that the contract is avoided for the reason that this statement or representation was untrue. This point is based upon evidence tending to show that some of the articles that the deceased kept in his store and dealt in were of such a character as to deprive him of the right to be classified for accidental insurance as a wholesale druggist. Without further reference to the merits of this objection it is sufficient to say that it is not available to the defendant in this court for the reason that the testimony introduced did not conclusively establish any breach of warranty in this respect. At best the question was one of fact and the disposition made of it by the learned trial judge was sufficiently favorable to the defendant when he submitted it to the jury. No exception was taken by the defendant to this course or to the instructions given by the court to the jury upon the submission of the question, and obviously none could have been. In fact the only question submitted to the jury was whether this statement was true. The only objection that the defendant made to this disposition of the case was to request a submission also of the question as to the date of the death of the insured, which request was properly refused as the sufficiency of the notice of death served presented a question of law.

The other exceptions in the record have been examined, and as they disclose no error prejudicial to the defendant the judgment should be affirmed.

All concur.

Judgment affirmed.