William E. Hanna, Respondent, v. The Commercial Travelers Mutual Accident Association of America, Appellant.

First Department, December 22, 1922.

Insurance — accident insurance — action to recover death benefit — insured disappeared in 1913 and death by drowning at that time was not discovered until 1917 — policy required notice of death within ten days thereafter — notice of death given within ten days after discovery of facts but not within ten days after death — insurer not liable.

An insurer is not liable on an accident insurance policy for the death of the insured where it appears that the policy provided that the failure to give notice to the insurer in writing within ten days from the date of death would invalidate any claim for loss by death; that the insured disappeared in 1913 and no trace of him was found until 1917 when his automobile was dredged from the Delaware river, and that notice of death was given within ten days after the discovery of the automobile but not within ten days after the date of the death of the insured.

Clarke, P. J., and Dowling, J., dissent, with opinion.

Appeal by the defendant, The Commercial Travelers Mutual Accident Association of America, from a judgment of the Supreme Court in the favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of June, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of June, 1921, denying defendant's motion for a new trial made upon the minutes.

*Stern, Barr & Tyler* [*Henry C. Moses* of counsel; *Eliphalet W. Tyler* and *M. W. Van Auken* with him on the brief], for the appellant.

*Everett, Clarke & Benedict* [*W. Montague Geer, Jr.*, of counsel; *William F. Allen* with him on the brief], for the respondent.

Finch, J.:

The action is upon a policy of accident insurance. In 1913 the insured disappeared, and no trace of him was found until 1917, when his automobile was dredged up from the bottom of the Delaware river. When last seen he was driving this automobile upon a stormy, rainy morning in 1913. He had previously expressed an intention to go from Philadelphia to New York, and one of the usual routes existing at that time was down Dyott street, turning left for the ferry. Dyott street terminates in the Delaware river, and the only protection at the foot thereof was some posts extending across the street, two of which were found to be broken. It was the plaintiff's claim that the insured failed to turn off from Dyott street, and suffered death by accidentally driving his car from the street into the river. This claim,

as well as a defense set up by the defendant that the alleged injury and death of the insured happened while he was under the influence of intoxicating drink, was determined in plaintiff's favor by the jury. Among other separate defenses pleaded, however, was failure to comply with the following provisions of the policy: "Notice of every accident for or on account of which a claim may be made shall be given immediately after it happens to the Secretary at Utica, N. Y., in writing, with full particulars of the accident and injury, and failure to give such immediate written notice shall invalidate all claims under this contract which may be made on account of such accident; and unless affirmative and positive proof of the death or injury and that the same resulted from causes covered by the contract shall be furnished within six months of the happening of such accident, then all claims based thereon shall be forfeited to the Association. Notice of death for which a claim may be made shall be given in writing to the Secretary of the Association within ten days from the date of such death, and failure to give such notice within said ten days shall invalidate any claim for loss by death."

Concededly notice was not given within the time required by the terms of the policy, and, as was found by the trial court, no waiver of such provisions by the defendant was shown. It is the contention of the respondent that such non-compliance was excused by the impossibility of compliance before a discovery of the facts which gave rise to the claim. The weight of authority, however, appears to be that, while as a general rule, where the performance of a duty created by law is prevented by inevitable accident without the fault of a party, the default will be excused, yet when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither inevitable accident nor other unforeseen contingency not within his control will excuse him, for the reason that he might have provided against them by his contract. (*Whiteside* v. *North American Accident Ins. Co.,* 200 N. Y. 320.) In the case at bar, by the express terms of the contract, the provisions as to notice were made conditions precedent to any liability.

Defendant is only liable by reason of its promise, and this promise cannot be enlarged by the court so as to fasten a liability on the defendant, which the latter did not undertake. The insured was at liberty either to accept or reject the offer of the defendant. The defendant was within its rights in undertaking only to be responsible for those accidents which were reported to it in time to permit it to seek witnesses of the occurrence while it was still fresh and the witnesses were still living. As was said by

Judge Hiscock in the *Whiteside* case: "All of these provisions and engagements enter into the substance of the contract which respondent is seeking to enforce, and under such circumstances the courts will not relieve either party under the conditions here presented from fulfillment of the engagement which he has voluntarily undertaken." The plaintiff relies upon the case of *Trippe v. Provident Fund Society* (140 N. Y. 23) as an authority for the contention that the time in which to give notice did not begin to run until discovery of the facts constituting the claim. It appears, however, that the decision arrived at in that case was in fact based upon a waiver by the defendant of the provisions of the contract, and, therefore, the statements of the court, upon which reliance is placed by the plaintiff, must be regarded as dicta, which have not been followed by the later decisions of the same court. (*Whiteside v. North American Accident Ins. Co., supra.*)

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

Merrell and Greenbaum, JJ., concur; Clarke, P. J., and Dowling, J., dissent.

Clarke, P. J. (dissenting):

With great respect for the opinion of the Court of Appeals, I do not believe that *Whiteside v. North American Accident Ins. Co.* (200 N. Y. 320) controls in the case at bar. In that case the facts were quite different. There the policy contained a provision that "written notice from the insured or his representative stating the time, place and nature of injury, or death, or commencement of sickness, must be mailed to the secretary of the company at its home office * * * within ten days after the date of such injury, * * * as conditions precedent to recovery." And the complaint alleged that during the early part of said sickness plaintiff was delirious and unable to remember that he had said policy of insurance, and had wholly forgotten that fact until about the 10th day of December, 1904, when he caused notice to be sent to the defendant of such sickness, and the court said that the plaintiff "must be held to the terms of the contract which he had voluntarily made, and that having assented to a provision requiring notice of sickness within a certain time as a condition to recovery, he cannot be excused from fulfillment for the reasons alleged, and especially that this is true in view of the fact already mentioned that the notice called for by his contract might have been served by another person if he was disabled from personally so doing." The policy in the case at bar insured the decedent against "any one of the bodily injuries hereinafter set

forth, which is the direct and approximate result of and which is caused solely and exclusively by external, violent and accidental means in the following sums respectively:

" 1. Loss of life  *  * . *

" Provided that such loss occurs within ninety days after the accident which caused it.  *  *  *

" Notice of every accident for or on account of which a claim may be made shall be given immediately after it happens to the Secretary at Utica, New York, in writing, with full particulars of accident and injury, and failure to give such immediate written notice shall invalidate all claims under this contract which may be made on account of such accident; and unless affirmative and positive proof of the death or injury and that the same resulted from causes covered by this contract shall be furnished within six months of the happening of such accident, then all claims based thereon shall be forfeited to the Association. Notice of death for which a claim may be made shall be given in writing to the Secretary of the Association within ten days from the date of such death and failure to give such notice within said ten days shall invalidate any claim for loss by death."

On April 28, 1913, insured disappeared. On May 24, 1913, the defendant wrote to Lyman, the insured, calling upon him to pay an assessment due under the policy on July 8, 1913. On July 10, 1913, Mrs. Lyman, the beneficiary, sent a check in payment of the assessment. This amount was never returned. On July 12, 1913, the defendant wrote inclosing a receipt and asking whether Lyman had changed his address. On July 17, 1913, a reply was sent stating that Lyman had disappeared on April 28, 1913, and had not been heard from since that date. On July thirtieth the defendant wrote saying, in view of Mr. Lyman's disappearance, the board of directors had terminated his membership in the association and canceled his certificate of insurance. On December 10, 1917, Mrs. Lyman's attorneys wrote the defendant giving it notice that Lyman's automobile had been dredged from the Delaware river on December fifth, recalling to defendant the fact of his disappearance and the unsuccessful efforts to discover his whereabouts and making a claim for the beneficiary for the full amount of the policy. On December 13, 1917, the defendant inclosed the usual proof of loss blanks, although not having been requested to do so by the beneficiary. On December 15, 1917, this letter was acknowledged with the statement, " we will prepare the proof of loss and forward same to you in due course," and on June 1, 1918, less than six months after Lyman's car was dredged from the river, Mrs. Lyman sent her proof of loss to the defendant

accompanied by a letter demanding a check for the amount of the insurance. This proof of loss was retained by the defendant and after its receipt defendant communicated in no way with the plaintiff or her attorneys until the action was commenced.

The verdict of the jury upon the facts establishes that the insured met his death by accident on the 28th day of April, 1913, by reason of his car plunging from an unguarded street into the Delaware river. Of course it was impossible for him to give the notice required in case of accident by the policy. It was equally impossible for his widow to give such notice because the sole fact apparent at that time was that he had disappeared, and although investigations were immediately instituted, handbills printed and every possible effort made to discover his whereabouts, it was not until nearly four years later that in a dredging of the Delaware river his automobile was discovered and the cause of his disappearance established. It is obvious that the death occurred by accident and that it was within the terms of the policy. It is also obvious that the attempted cancellation of the policy above alluded to is without effect because at that time the loss had occurred and the rights of the beneficiary to recover therefor were vested. The sole question which survives the verdict of the jury is whether the failure under the facts and circumstances of this case to furnish the notice provided for in the policy, which it was impossible for any one to do by reason of the peculiar accident which caused the loss, is a complete defense to the action.

In *Trippe* v. *Provident Fund Society* (140 N. Y. 23) an accident insurance certificate issued by defendant contained a condition to the effect that notice of an accident for which a claim was to be made must be given in writing within ten days from its occurrence with full particulars of the accident and injury, and failure to give such notice would invalidate all claims under the certificate. In an action upon the certificate it appeared that the insured was killed by the fall of a building in which was his place of business; his body was not found until three days after the accident, and up to that time it was not known that he was dead. The required notice was served more than ten days after the accident, but within ten days after the discovery of the body. The Court of Appeals in a unanimous opinion said: " The condition upon which the defense is based was to operate upon the contract of insurance only subsequent to the fact of a loss. It must, therefore, receive a liberal and reasonable construction in favor of the beneficiaries under the contract. (*McNally* v. *Phœnix Ins. Co.,* 137 N. Y. 389.) The provision requires not only notice of the death, but ' full particulars of the accident and injury.' It is

quite conceivable that in many cases of death by accident the fact cannot be and is not known until days or even weeks after it has occurred.   Such conditions in a policy of insurance must be considered as inserted for some reasonable and practical purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible.   The object of the notice was to enable the defendant, within a reasonable time after the death or injury, to inquire into all the facts and circumstances while they were fresh in the memory of witnesses, in order to determine whether it was liable or not upon its contract.   The full particulars of the death which the condition requires cannot ordinarily be furnished until the fact of death and the manner in which it occurred are ascertained.   * * *   The parties having contracted that the notice of death should be accompanied by full particulars of the manner in which it occurred and the attendant circumstances, they evidently intended that it should be given only when the fact and manner of death became known to the parties who were required to act.   The fair and reasonable construction of this condition, therefore, is that the ten days within which the notice is to be given did not begin to run from the date of the accident or the disappearance of the insured, but from the time when the body was found, and the important fact of death, with the circumstances and particulars under which it occurred, ascertained.   This construction secures to the defendant every benefit and advantage that was intended by this provision of the policy, and it cannot, therefore, complain if the very harsh and technical meaning which it now seeks to put upon a condition subsequent is rejected.   The plaintiff was the widow of the deceased and the beneficiary named in the certificate.   She was the only party interested in the enforcement of the contract, and who could give the notice, and she could not give it, within the meaning of the condition, until she had knowledge of the facts which she was bound to communicate.   To hold that the plaintiff was bound to give notice of the death of her husband, with full particulars, before she had any knowledge of the facts, would be to require her, by a technical and literal construction, to do an impossible thing, which was not within the intention of the parties when the contract was made. (*Insurance Companies* v. *Boykin*, 12 Wall. 433.) ''

The *Trippe* case was cited in *Matthews* v. *American Central Ins. Co.* (154 N. Y. 457) where Judge VANN said: '' Moreover, when a literal construction would lead to manifest injustice to the insured and a liberal but still reasonable construction would prevent injustice by not requiring an impossibility, the latter should be adopted, because the parties are presumed, when the language

used by them permits, to have intended a reasonable and not an unreasonable result. (*Trippe* v. *Provident Fund Society*, 140 N. Y. 23, 26; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389.)" It was also cited in *Woolverton* v. *Fidelity & Casualty Co.* (190 N. Y. 48) where Chief Judge CULLEN said: " Strictly construed, the insured would be bound to give notice immediately after the accident, whether he knew of the occurrence or not. This, of course, would be a wholly unreasonable construction and must be rejected. (*Trippe* v. *Provident F. Society*, 140 N. Y. 23.) The condition of the policy is to be interpreted as meaning after the insured has become apprised of the accident, provided, however, he exercises reasonable diligence to acquire information." In *Ewing* v. *Commercial Travelers' Accident Assn.* (55 App. Div. 241; affd., 170 N. Y. 590) the insured died on June 23, 1897. The policy provided as a condition precedent to a recovery that "immediate notice shall be given in writing of the accident or injury with full particulars." No one knew until after the report of the chemist who had in charge the stomach and other organs of the deceased for chemical analysis upon an autopsy the cause of death which was from the effect of taking morphine accidentally. This report was made on the eighth or ninth of July following, and on July ninth the beneficiary notified the defendant. The court said: " The term ' immediate ' should be interpreted reasonably. (*Trippe* v. *P. F. Society*, 140 N. Y. 23.) The context in which the word is here found implies that before notice is given the ' full particulars ' must be first discovered by the person required to give the notice."

In *Melcher* v. *Ocean Accident & Guarantee Corp., Ltd.* (175 App. Div. 77) this court reversed a judgment in favor of the plaintiff entered upon the verdict of a jury in an action on a policy whereby the defendant insured the plaintiff against accident upon and adjacent to his apartment house. One Didier was injured through the alleged negligence of the plaintiff on the premises on the 3d of November, 1913, from which injuries he died on the twenty-second day of March thereafter. By the terms of the policy it was provided that " the assured, upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time." Immediately after the accident, which occurred through the negligent operation of a freight elevator which struck Didier when he was standing on an I beam at work, he said he was not hurt and finished his job that afternoon, and the incident was not reported to the insurance company. On February 14, 1914, three months and a half after the accident, the plaintiff received from an attorney employed by Didier a letter, prior to Didier's death, notifying him that Didier was seriously

injured at the apartment on the 3d of November, 1913, while making certain repairs in an elevator shaft. The first notice that the defendant had of the accident was by the delivery of this letter to it by an insurance broker, employed by the plaintiff, on the 17th day of February, 1914. This court reversed the judgment upon the ground of failure to give the notice required. The Court of Appeals (226 N. Y. 51) reversed, quoting with approval *Chapin v. Ocean Accident & Guarantee Corp.* (96 Neb. 213), which said: "If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer."

While the majority of the court feel that they are constrained to reverse the judgment appealed from in the case at bar under the *Whiteside Case* (*supra*), it seems to me that the facts are so different from those presented in that case that the principle laid down in the cases cited by me ought to be applied, and, therefore, I vote to affirm the judgment appealed from.

DOWLING, J., concurs.

Judgment and order reversed, with costs, and complaint dismissed, with costs.