HAMILTON F. KEAN and Others, Members of the Copartnership of
KEAN, TAYLOR & COMPANY, Respondents, *v.* NATIONAL SURETY
COMPANY, Appellant.

First Department, May 29, 1925.

Insurance — indemnity insurance — action to recover on indemnity
insurance bond indemnifying plaintiff against loss of property through
dishonest act of employees, theft or robbery — plaintiff's messenger
was robbed of United States bonds while transporting same from New
York city to Brooklyn — robbery was planned by employee of plaintiff
— separate clause precluding recovery for loss of United States bonds
while being transported unless transportation was under specified
guard is not applicable — plaintiff not confined to clause relating to
robbery outside of plaintiff's place of business.

The defendant is liable on an indemnity insurance bond purporting to indemnify
the plaintiff against loss through any dishonest act of any employee whether
committed directly or by collusion with others, where it appears that a messenger
of the plaintiff was robbed of United States bonds of the value of more than
$400,000 while he was transporting the same from plaintiff's office in New
York city to a place in Brooklyn, since the evidence shows that the robbery
was planned by one of plaintiff's employees who informed those who actually
committed the robbery of the fact that the bonds were to be transported to a
certain place in Brooklyn at a certain time, and that the robbery was carried
out in accordance with the information given by the employee.

The defendant is not relieved from liability by an independent clause in the bond
which provides that no liability shall exist for loss of United States government
bonds of the value of more than $250,000, where the loss is caused by robbery
while the bonds are being transported unless they are in the custody of a
partner or regular employee who is accompanied by two guards, for said clause
is entirely independent of the clause protecting the plaintiff against loss through
the dishonest act of an employee.

CLARKE, P. J., and MERRELL, J., dissent, with opinion.

APPEAL by the defendant, National Surety Company, from a
judgment of the Supreme Court in favor of the plaintiffs, entered in
the office of the clerk of the county of New York on the 24th day
of June, 1924, upon the verdict of a jury rendered by direction of
the court, and also from an order entered in said clerk's office
denying defendant's motion for a new trial made upon the minutes.

*Lord, Day & Lord* [*Henry De Forest Baldwin* of counsel; *Lucius
H. Beers, Thaddeus G. Cowell* and *John W. Castles* with them on the
brief], for the appellant.

*Robert M. McCormick,* for the respondents.

MARTIN, J.:

This action was brought to recover $100,000 on a bond issued to
plaintiffs insuring them against loss of property in which they have

a pecuniary interest or for the loss of which they may be legally liable if sustained:

"(A) Through any dishonest act of any of the Employees, wherever committed, and whether committed directly or by collusion with others;

"(B) Through robbery, burglary, theft, hold-up, destruction or misplacement, while the Property is within any of the Insured's offices covered hereunder, whether effected with or without violence, or with or without negligence on the part of any of the Employees;

"(C) Through robbery, hold-up or theft, by any person whomsoever, while the Property is in transit within twenty miles of any of the offices covered hereunder and in the custody of any of the Employees, or through negligence on the part of any of the Employees having custody of the Property while in transit as aforesaid."

Certain conditions and limitations on liability are stated in the bond; among others, the following:

" 12. This bond does not cover any loss resulting from any of the hazards specified in Paragraph ' C ' in respect to United States Government Coupons Bonds, or United States Government certificates of indebtedness, or cash, unless such property shall be in transit under the following conditions: * * *

" (3) Where the par value of such property is in excess of the sum of Two Hundred and Fifty Thousand Dollars ($250,000) it shall be in the custody of a partner or regular employee of the Insured, who shall be continuously accompanied by two guards of twenty-four (24) years of age or more; provided, however, that if the partner or regular employee is twenty-four (24) years of age or more the guards may be under the age of twenty-four (24) but not under twenty-one (21)."

Plaintiffs have become liable to a customer for a loss of several hundred thousand dollars in United States bonds due to a street robbery occurring within twenty miles of their office and in another borough of the city of New York. The representatives of plaintiffs who were held up and robbed were not guarded as provided in subdivision 3 quoted above.

At the trial there was practically no controversy as to the material facts. Defendant offered no testimony and both sides moved for the direction of a verdict. Decision was reserved and a verdict subsequently directed for plaintiffs for $100,000 and interest.

In the course of business it became known to certain employees in plaintiffs' office that on a stated day the bonds would be sent from that office located on Nassau street, borough of Manhattan,

for delivery to a customer in the borough of Brooklyn. The head runner, one DiGregario, who had a number of runners employed under him, told certain of his associates that there would be an opportunity for them to hold up and rob the persons making delivery of the bonds and the next day he divulged the time and other details connected with the transmission of the bonds, describing the messengers and giving other information which would enable his accomplices to perpetrate the robbery. It took place at the door of the office to which the bonds were being delivered. Later some of those concerned in the robbery were apprehended and DiGregario and others were convicted and sentenced to prison for long terms.

It is convincingly shown that this employee was implicated in the robbery and it is apparent that the loss occurred through the dishonest act of an employee committed directly or by collusion with others, to paraphrase section "A" quoted above from the bond.

Defendant points to limitations on its liability in the provision designated " 3 " but this is a subdivision of " 12 " which is expressly limited in its application to paragraph " C." It is not a limitation upon liability for losses such as are referred to in paragraph "A" as being due to the dishonesty of employees.

We agree with the statement of the trial justice that " It was because of the dishonest act of their employee that the plaintiffs failed to comply with the provisions of the bond respecting the presence of armed guards. I regard Clause A as a wholly independent provision, entirely unaffected by the exception contained in subdivision 3 of paragraph 12. The language of Clause A is very general in its terms and was intended, it seems to me, to cover the plaintiffs against loss resulting from dishonesty within its organization wherever or however committed. Moreover, if there is any doubt with respect to the meaning of any of the provisions of the contract it must be resolved against the defendant, as the instrument was prepared and drawn by it."

It further appears that there is no doubt as to the liability of plaintiffs to their customers for the loss of the bonds, inasmuch as plaintiffs were clearly negligent in allowing them to be transported without their being well guarded.

We are unable to agree with defendant in the assertion that plaintiffs must rest on paragraph " C " inasmuch as there was a robbery outside of their place of business; for the primary cause of the holdup and the loss was the " dishonest act " of DiGregario " committed directly or by collusion with others."

We believe that this bond was given to provide against loss

by plaintiffs due to such dishonesty and collusion, and that the judgment should be affirmed, with costs.

FINCH and BURR, JJ., concur; CLARKE, P. J. and MERRELL, J., dissent.

CLARKE, P. J. (dissenting):

The action was brought to recover $100,000 on defendant's banker's blanket bond issued to the plaintiffs. The plaintiffs claim that they suffered a loss within the meaning of the bond by reason of a highway robbery which was brought about by the collusion of one of their employees. At the time of the robbery the plaintiffs were making a delivery of Liberty coupon bonds valued at over $250,000; in fact the market value was $411,499.95.

The bond provides:

" In consideration of the premium of $4,895, paid by Kean, Taylor & Company hereinafter referred to as the Insured, to the National Surety Company, hereinafter referred to as the Underwriter, * * * the Underwriter hereby undertakes and agrees to indemnify the Insured and hold it harmless from and against any loss, to an amount not exceeding $100,000, of money, currency, bullion, bonds, debentures, scrip, certificates, warrants, transfers, coupons, bills of exchange, promissory notes, checks or other similar securities, hereinafter referred to as property, in which the Insured has a pecuniary interest or for which it is legally liable, sustained by the Insured subsequent to noon of the date hereof and while this bond is in force and discovered by the Insured subsequent to noon of the date hereof and prior to the expiration of twelve months after the termination of this bond as provided in Condition 11:

" (A) Through any dishonest act of any of the Employees, wherever committed, and whether committed directly or by collusion with others;

" (B) Through robbery, burglary, theft, hold-up, destruction or misplacement, while the Property is within any of the Insured's offices covered hereunder, whether effected with or without violence, or with or without negligence on the part of any of the Employees;

" (C) Through robbery, hold-up or theft, by any person whomsoever, while the Property is in transit within twenty miles of any of the offices covered hereunder and in the custody of any of the Employees, or through negligence on the part of any of the Employees having custody of the Property while in transit as aforesaid.

" The foregoing agreement is subject to the following conditions and limitations: * * *.

48

" This bond does not cover any loss resulting from any of the hazards specified in Paragraph ' C ' in respect to United States Government Coupons Bonds, or United States Government certificates of indebtedness, or cash, unless such property shall be in transit under the following conditions:

" (1) Where the par value of such property is in the sum of Fifteen Thousand Dollars ($15,000) or less it shall be in the custody of a partner or regular employee of the Insured.

" (2) Where the par value of such property is greater than the sum of Fifteen Thousand Dollars ($15,000) and not more than the sum of Two Hundred and Fifty Thousand Dollars ($250,000) it shall be in the custody of a partner or regular employee of the Insured, who shall be continuously accompanied by a guard of twenty-four (24) years of age or more; provided, however, that if the partner or regular employee is twenty-four (24) years of age or more, the guard may be under the age of twenty-four (24) but not under twenty-one (21).

" (3) Where the par value of such property is in excess of the sum of Two Hundred and Fifty Thousand Dollars ($250,000) it shall be in the custody of a partner or regular employee of the Insured, who shall be continuously accompanied by two guards of twenty-four (24) years of age or more; provided, however, that if the partner or regular employee is twenty-four (24) years of age or more the guards may be under the age of twenty-four (24) but not under twenty-one (21)."

There is no doubt that information was given by an employee of the plaintiffs, DiGregario, which resulted in the robbery. Four men met Young, who was in charge of the delivery of the bonds, and Cohen, the eighteen-year-old messenger who was with him, before they reached the place of delivery, hammered them with the butts of revolvers, knocked them down, a shot was fired, the bonds were taken from them with force and violence, and have never been recovered.

It seems to me that where there is a general provision in a bond or policy of insurance, followed by a specific subsequent provision, that specific provision governs. Special protection was required in the transfer of these Liberty coupon bonds by reason of their peculiar character, their quick negotiability, title passing by delivery. The bond given by the defendant specifically provided that such securities, in the amount shown here, or cash, should be in the custody of a partner or regular employee continuously accompanied by two guards of twenty-four years of age or more, provided, however, if the partner or employee is twenty-four years of age or more the guards may be under the age of twenty-four, but not under

twenty-one.   In this case the employee was over the age of twenty-four, but instead of two guards, there was only one, and that one was under the age of twenty-one.   They were not armed, they were held up and the robbery was perpetrated upon them.   I do not see how it is possible to escape from the particular provisions applicable to the transfer of the securities here in question.   These provisions were as much a part of the contract as any of the other requirements.   It is impossible to say that if the specific requirements of the policy or bond had been complied with the robbery would have been accomplished.

In *Smith* v. *Fidelity & Deposit Co.* (98 N. J. Law, 534; 120 Atl. 322) the Court of Errors and Appeals of New Jersey said: " The law will not make a better contract for the parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other.   The judicial function of a court of law is to enforce a contract as it is written.   *   *   *   These rules are applicable to policies of burglary insurance, so is the rule the entire policy in all its parts must be considered to the end that each clause shall have some effect.   The object and purpose of the policy was burglary insurance.   The policy by its terms provided that an armed watchman was to be employed within the premises. It is conceded, that a provision for the employment of an armed watchman was material to, if not an essential part of the risk (*Axe* v. *Fidelity, &c., Co. of New York*, 239 Pa. St. 569), and that a failure to comply therewith prevents a recovery on the policy."

This court on several occasions has attempted to construe insurance policies in favor of the insured as we thought the fair intendment of the policies warranted.   But the Court of Appeals differed from us in their construction.   (See *Houlihan* v. *Preferred Accident Ins. Co.*, 127 App. Div. 630; revd., 196 N. Y. 337; *Rosenthal* v. *American Bonding Co.*, 143 App. Div. 362; revd., 207 N. Y. 162. See, also, *Hanna* v. *Commercial Travelers Mutual Accident Assn.*, 204 App. Div. 258; affd., 236 N. Y. 571.)   With these cases in mind, I am of the opinion that the plaintiffs, concededly not having observed the clear and detailed requirements of the policy as to how the specific property, namely, United States coupon bonds, should be guarded in transit, cannot recover.   I, therefore, vote to reverse the judgment appealed from and dismiss the complaint.

MERRELL, J., concurs.

Judgment affirmed, with costs.